AUGUST CARVALHO vs. STATE BAND CLUB, INC. May 27, 1975. The plaintiff got a verdict in this tort action for injuries sustained in a fracas in the defendant's barroom. There was evidence that the plaintiff initiated physical contact by grabbing another customer, with whom the plaintiff had been quarrelling, by the shirt. The judge charged the jury with considerable emphasis concerning the defendant's duty of care in preventing injury to its customers by the acts of other customers. See *Allenby* v. *M. & C. Enterprises, Inc. ante,* 700 (1975), and cases cited. He refused to charge on the subject of assumption of the risk by the plaintiff, and the defendant excepted. 1. As the plaintiff insisted on the defendant's including the entire stenographic transcript in the appendix to its brief and has raised no question whether the case is properly before us, we consider the case on the transcript rather than on the bill of exceptions which was filed but neither presented nor allowed prior to July 1, 1974. But see Mass.R.Civ.P. 1A(7), 365 Mass. 732 (1974). 2. The charge did not adequately instruct the jury on the legal significance (see Prosser, Torts, § 18, pp. 101-105 [4th ed. 1971]; see also *Ford* v. *Ford,* 143 Mass. 577, 578 [1887]; *Szadiwicz* v. *Cantor,* 257 Mass. 518 [1926]) of a possible finding, warranted on the evidence, that the plaintiff started the fight, but instead implicitly, and, we think, incorrectly, permitted the jury to find for the plaintiff notwithstanding his possible provocation of the other customer. The defendant's request that the judge charge on assumption of the risk sufficiently directed the judge's attention to a deficiency in the charge. See *McFadden* v. *Bancroft Hotel Corp.* 313 Mass. 56, 61 (1943). See also *Hietala* v. *Boston & Albany R.R.* 295 Mass. 186, 189-191 (1936), cert. den. 299 U. S. 589 (1936). As the defendant was entitled to an adequate charge on the controlling issues of the case, his failure to request instructions before the charge is immaterial. *Liakos* v. ·*Moreno,* 351 Mass. 90, 93-94 (1966).

*Verdict set aside.*
*Case to stand for new trial.*

*Cortland A. Mathers* for the defendant.
*John F. O'Donoghue* for the plaintiff.