MAUREEN V. MYERS *vs.* RICHARD KARN. April 24, 1981. In count one of her action the plaintiff sought an accounting of rent received by the defendant, a real estate broker, who was acting as the plaintiff's rental agent. Count two of the complaint alleged the same facts but also included a claim that the defendant in "disregard of his fiduciary duty as agent" failed to pay over the funds to the plaintiff. The trial judge submitted count one to the jury (who found for the defendant) but directed a verdict for the defendant on count two. The plaintiff argues that since the same principal-agent relationship is applicable under either theory of recovery, and since the judge found that there was enough evidence to warrant submission of the case on count one, he should also have allowed count two to go to the jury. That argument proves too much. As the plaintiff could obtain recovery under only one of the two counts, she "lost nothing by not having the question go to the jury a second time under a different label." *N.J. Gendron Lumber Co.* v. *Great No. Homes, Inc.,* 8 Mass. App. Ct. 411, 419 (1979).

The judge acted properly in dismissing count four of the complaint. Taking the evidence most favorable to the plaintiff, *Boyle* v. *Wenk,* 378 Mass. 592, 593 (1979), there was insufficient evidence of a conspiracy between the defendant and the town's building inspector to go to the jury.

The plaintiff also argues error in the instructions given by the judge and in the latter's failure to give instructions requested by the plaintiff. However, since the plaintiff did not object to any of the instructions, she may not now urge that they were erroneous. Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974). *Narkin* v. *Springfield,* 5 Mass. App. Ct. 489, 491 (1977). Moreover, as to the instructions not given, the plaintiff has not specified which, if any, of her instructions should have been included. Even if we were to assume that the plaintiff has properly argued in her brief the issue of the failure of the judge to give the instructions requested, see Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), we conclude that the judge properly gave the substance of each request to which the plaintiff was entitled.

No other issue has been argued.

*Judgment affirmed.*

*Edward F. Myers* for the plaintiff.