PETER FRANKLIN & another[1] vs. WALTER C. GURALNICK
& another.[2]

Norfolk.  March 5, 1985. — May 8, 1985.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, & LYNCH, JJ.

*Damages*, Interest. *Joint Tortfeasors. Interest.*

In a tort action against two defendants in which during jury deliberations the
   plaintiff and one defendant entered into a settlement agreement whereby
   that defendant was to pay $200,000, with an additional amount to be
   paid on certain conditions, and in which the jury returned a verdict for
   the plaintiff in the amount of $375,000, the judge did not err in ordering
   calculation of interest on the entire amount of the verdict before deducting
   the $200,000 settlement payment. [754-756]

CIVIL ACTION commenced in the Superior Court Department
on July 27, 1978.

The case was tried before *James L. Vallely*, J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*John F. Finnerty, Jr.*, for Walter C. Guralnick.

*Michael E. Mone* (*Patricia L. Kelly* with him) for Peter
Franklin.

LYNCH, J. The defendant Guralnick appeals from a denial
by a Superior Court judge of his motion concerning the method
of computation of interest on a jury verdict entered in a civil
tort action. During jury deliberations, the attorneys for the
plaintiff and the defendant Albert notified the court and Gural-

---

[1] Joan Franklin was originally a party to this action. Her motion to discontinue her loss of consortium claims against all defendants was allowed after a hearing.

[2] Thomas W. Albert. The Massachusetts General Hospital was originally a defendant, until Peter Franklin's motion to discontinue with regard to that defendant was allowed. Only the defendant Guralnick is appealing in this action.

nick's attorney that they had orally entered into a settlement agreement.[3] Later that day, the jury returned a verdict in the sum of $375,000 for the plaintiff against both defendants. The only dispute in this case concerns whether the amount of the settlement should be deducted from the jury verdict before or after the computation of interest. The judge allowed the plaintiff's motion for entry of judgment in the amount of $375,000, and for computation of interest on that amount. Guralnick appealed to the Appeals Court,[4] which summarily affirmed the judge's denial of his motion for entry of judgment in the sum of $175,000, and for computation of interest on that amount. *Franklin* v. *Guralnick,* 18 Mass. App. Ct. 1115 (1984). We granted the defendant Guralnick's application for further appellate review. There was no error.

Guralnick argues on appeal that, under G. L. c. 231B, § 4,[5] and *Tritsch* v. *Boston Edison Co.,* 363 Mass. 179, 182 (1973) (*Tritsch I*), he is liable for $175,000 plus interest on that amount. The plaintiff correctly argues that the result below was mandated by *Boston Edison Co.* v. *Tritsch,* 370 Mass. 260 (1976) (*Tritsch II*). In *Tritsch II,* we ordered the clerk to calculate interest on the entire amount of the verdict before

---

[3] The settlement agreement provided, in effect, that the defendant Albert's insurer would pay a minimum of $200,000. If the judgment amounted to less than $400,000, including the amount awarded by the jury together with interest and costs, Albert's insurance carrier agreed to guarantee $400,000 by making up the difference between that figure and the judgment. The jury were not informed of the settlement agreement prior to delivering their verdict.

[4] Guralnick has made a $265,000 payment to extinguish his liability for the principal and interest on $175,000. The parties stipulated that Guralnick would continue his appeal to determine whether he is responsible for interest on the remaining $200,000 of the verdict.

[5] General Laws c. 231B, § 4, inserted by St. 1962, c. 730, § 1, provides: "When a release or covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury: (*a*) It shall not discharge any of the other tortfeasors from liability for the injury unless its terms so provide; but it shall reduce the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and (*b*) It shall discharge the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."

deducting any payments made pursuant to a settlement agreement entered into during the course of trial. *Id.* at 266-267. We see no reason not to follow that decision here. As we said in *Tritsch II,* had the plaintiff not received payment from the other tortfeasor, he could have collected the entire judgment from the defendant. *Id.* at 265. No reason exists for depriving the plaintiff of his claim merely because one of the defendants settled in good faith just prior to delivery of the jury verdict. Guralnick's argument draws no support from *Tritsch I, supra* at 182, where we stated, "In mitigation of damages, a defendant is entitled to show in evidence the amount of money paid or promised to the plaintiff by a joint tortfeasor on account of the same injury." Nothing we decide here undermines this long-standing principle concerning the introduction of settlement agreements in evidence at trial.

Guralnick suggests that the settlement agreement is unfair, and characterizes it as a disfavored "Mary Carter" agreement because it ensured the plaintiff a minimum recovery and set a maximum amount for which the defendant Albert could be liable.[6] See *Booth* v. *Mary Carter Paint Co.,* 202 So.2d 8 (Fla. Dist. Ct. App. 1967). Guralnick does not, however, challenge the judge's finding that the agreement was reached in good faith. Furthermore, "we do not see that [the defendant] is unfairly burdened where, as here, [he] is to be credited with the settlement payment as if [he] had made [the] payment [himself]." *Tritsch II, supra* at 265. We note, in addition, that Guralnick's argument that the agreement has unfairly burdened him with a disproportionate share of the judgment is greatly undermined by the fact that he never requested that the jury be informed of the settlement agreement during their deliberations.[7] In the absence of such a request we do not consider

---

[6] See note 3, *supra,* describing the terms of the settlement agreement.

[7] During the conference at which the judge was informed of the agreement, he asked counsel for the plaintiff and the two defendants whether it would require any further instruction to the jury. Counsel for the plaintiff and for the defendant Albert answered in the negative. Counsel for the defendant Guralnick did not request that the judge instruct the jury as to the terms of the settlement agreement.

Guralnick's argument that the timing of the agreement deprived him of the opportunity to offer evidence as to its contents to the jury.

*Judgment affirmed.*