LOUISE LAVECK, administratrix, *vs.* PASCOE PIZZA, INC. & another.[1] No. 89-P-421. August 16, 1990. *Practice, Civil*, Appeal, Objection, Amendment, Judgment, Frivolous action.

None of four points which the defendants now press was properly called to the attention of the trial judge and those issues are, therefore, lost on appeal. Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974). *Trustees of Stigmatine Fathers, Inc.* v. *Secretary of Admin. & Fin.*, 369 Mass. 562, 565 (1976). *Collins* v. *Baron*, 392 Mass. 565, 568 n.3 (1984). *Narkin* v. *Springfield*, 5 Mass. App. Ct. 489, 491 (1977). A fifth point, conceded by the plaintiff, requires only a relatively minor adjustment in the judgment.

An afternoon and evening of steady drinking by driver and passengers culminated in a car accident which rendered Cheryl Laveck, one of the passengers, a quadraplegic. She later died. As filed, the action brought by the administratrix of the estate of Cheryl Laveck named as defendants: "Dean Marchand, the driver of the vehicle; Pascoe Pizza, Inc. (the "corporation"); and the principal officers of the corporation, David E. Pascoe and

---

[1]James C. Pascoe.

James C. Pascoe. The complaint against the corporation and the Pascoes was that they had negligently sold alcoholic beverages to a person, i.e., Marchand, who was already intoxicated. In view of the prodigious quantities of alcohol Marchand ingested, it seemed manifest that he was flamboyantly drunk at the time of the accident and found it expedient to settle to the limits of his insurance ($10,000) before trial began. As to the defendants who remained in the case, the jury returned a verdict for the plaintiff in the amount of $750,000 against the corporation and James Pascoe. David E. Pascoe was found not to have been negligent.

One of the issues foreclosed, because not brought to the attention of the trial judge, warrants comment. During a charge conference, the judge informed counsel that he would instruct the jurors that they were to assign among the plaintiff and those defendants whom they found negligent their relative percentages of negligence. See G. L. c. 231, § 85. To that end, the judge prepared verdict slips which he displayed to counsel, who entered no objection. Concerning the allocation of negligence, the judge listed on one verdict slip Cheryl Laveck, Marchand (the driver), and the corporation.[2] The jury allocated fifty percent of the negligence to Marchand, thirty percent to Cheryl Laveck, and twenty percent to the corporation. By application of G. L. c 231, § 85, the plaintiff's recovery against the corporation and James Pascoe was reduced to $525,000 (seventy percent of $750,000).

On appeal, the Pascoe defendants (James and the corporation) urge that it was error to allow the jury to consider the defendant who had settled and was out of the case[3] in assigning percentages of negligence among the plaintiff and the defendants. They point out that in relation to the plaintiff, the jury thought the Pascoe negligence to be less. Therefore, the argument proceeds, if the jury had only the Pascoe defendants and the plaintiff to consider, the plaintiff would not have been entitled to recovery at all under G. L. c. 231, § 85, because her negligence exceeded theirs. The Pascoe defendants, of course, press the point too far. We do not know how the jury might have allocated negligence had they been instructed to allocate negligence only between the plaintiff and the Pascoe defendants. Had it been preserved, however, the point is sufficiently pivotal to have warranted a new trial had it been wrongly decided.

The Pascoe defendants argue that the question whether Marchand was to be considered for purposes of assigning comparative negligence was preserved because counsel discussed the issue with the trial judge. One may

[2]For purposes of the allocation of negligence on the verdict slip, any negligence of the Pascoe brothers was attributed to the corporation whose agents they were.

[3]The complaint against Marchand was not formally dismissed until seven days after the jury returned its verdict. The case was tried without defense by Marchand, however, and the judge informed the jury that the plaintiff had made a settlement with Marchand and that money had been paid to the plaintiff in connection with that settlement.

infer from the record that counsel and the judge batted the question around in an unrecorded lobby conference early in the trial.[4] Conversation, however, does not an objection make. It is the duty of counsel under Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974), to state "distinctly the matter to which he objects and the grounds of his objection," and discharge of that duty cannot be assumed as a consequence of prior conversation. See *Miller* v. *Boston & Maine Corp.*, 8 Mass. App. Ct. 770, 773 (1979). In this case, the Pascoe defendants' counsel gave no indication of displeasure, let alone clear objection, about the manner in which the case was being put to the jury. So far as appears he considered the judge's proposed handling of the comparative negligence question correct, as the following colloquy indicates:

> DEFENSE COUNSEL: "The troublesome part of this is, as I understand, the result of finding Marchand . . . considerably negligent — if his negligence — say it's 40 percent and Cheryl's 30 percent, and we have the balance, we are going to be hung with this negligence as a joint tort-feasor. Is that not the result of this?"
> THE COURT: "That's the result of the law."
> DEFENSE COUNSEL: "I know that, but we're inviting — well I suppose I have to argue around that, don't I?"

At the conclusion of the charge to the jury, when the judge afforded counsel an opportunity to make suggestions or record objections, defense counsel pronounced himself satisfied as to the comparative negligent question and as to all the other points involving the instructions now sought to be raised. Contrast *Caccavale* v. *Raymark Indus., Inc.*, 404 Mass. 93, 98 (1989).

Insofar as we may read the Pascoe defendants' "Motion for Required Findings" as requesting a directed verdict, that motion made no mention of the decisive gap in the plaintiff's case which the Pascoe defendants now assert on appeal, namely, that there was insufficient evidence that James Pascoe knew, or should have known, that Marchand was intoxicated. A motion for a directed verdict must state "the specific grounds therefor," Mass.R.Civ.P. 50(a), 365 Mass. 814 (1974). Other points were raised in the motion, which appellate counsel has not pressed. A new ground, not called to the judge's attention, may not be substituted.

---

[4] The basis for that inference is that in the charge conference, of which there is a record, the judge remarked to counsel: "Now, first of all, with regard to the case, I have come to the conclusion that you were right the first time. The jury has to find out what percentage of negligence was attributable to Marchand, and I'll tell you why . . . .

" . . . so I'm going to put it to the jury on the basis of Marchand, Pascoe, Inc., and Laveck. Okay."

When counsel in a civil case are satisfied to have a case put to the jury on a particular basis and on particular propositions of law, it is unfair to litigants and subversive of trial judges to allow counsel on appeal to shape the same case on a different basis and different propositions. That is the policy which underlies the cases cited at the beginning of this opinion.[5] See *MacCuish* v. *Volkswagenwerk A. G.*, 22 Mass. App. Ct. 380, 397 (1986), *S.C.*, 400 Mass. 1003 (1987).

We, therefore, need not and do not decide whether, for purposes of correct compliance with G. L. c. 231, § 85, jurors should be asked to consider the percentages of negligence of all persons against whom recovery was originally sought, including those who have settled and withdrawn from participation in the defense.[6]

The plaintiff concedes that it was error not to subtract the amount paid in settlement on behalf of Marchand from the judgment. See *Goulet* v. *Whitin Mach. Works, Inc.*, 399 Mass. 547, 556-557 (1987). The judgment should be modified to account for this.

In her responsive brief, the plaintiff asks imposition of a full range of penalties — double costs, penalty interest, and reasonable attorney's fees for responding to the appeal — on the ground that the appeal is frivolous. See Mass.R.A.P. 25, as amended, 378 Mass. 925 (1979); *Allen* v. *Batchelder*, 17 Mass. App. Ct. 453, 457-458 (1984). Exceedingly rare are those cases in which error is so egregious and so distorts the outcome of the case that an appellate court will suspend application of the potent rule requiring error to be squarely and identifiably raised at trial. Cf. *D'Errico* v. *Assessors of Woburn*, 384 Mass. 301, 305 n.7 (1981); *Morgan* v. *Lalumiere*, 22 Mass. App. Ct. 262, 268 (1986); *Roy* v. *Star Chopper Co.*, 584 F.2d 1124, 1132 (1st Cir. 1978), cert. denied, 440 U.S. 916 (1979). This is not such a case. The point concerning comparative negligence, however, is not without difficulty. Considering the amount of the judgment, the

---

[5]Appellate counsel was not trial counsel.

[6]We have been cited to no Massachusetts decision which squarely resolves the question whether a defendant who has settled should be included as a defendant for purposes of allocating percentage shares of negligence under G. L. c. 231, § 85. In *Goulet* v. *Whitin Mach. Works, Inc.*, 399 Mass. 547, 556-557 (1987), the jury were asked to allocate negligence between the plaintiff and the defendant left in the case, i.e., a defendant who had settled was excluded from the allocation process by the jury. The amount paid in settlement was then subtracted from the judgment. The court, thus, passively approved instructing the jury to allocate negligence among defendants still in the case when it went to the jury. Whether that is the correct method does not appear to have been raised. In other States the approaches toward including or excluding defendants who have settled for purposes of assigning percentages of negligence vary. See Schwartz, Comparative Negligence § 16.5, at 263-265 (2d ed. 1986) and 1990 Supp. at 53; Woods, Comparative Fault § 13.1-13.3 (2d ed. 1987) and 1990 Supp. at 65-68. Under the Uniform Comparative Fault Act §§ 2 and 6, a person who has been released from liability would be included for purposes of allocating percentages of fault. 12 Uniform Laws Annot. at 45, 53 (1990 Master ed. Supp.).

Pascoe defendants acted within reasonable limits in attempting to articulate a basis for having the question considered. In the circumstances, we do not think it appropriate to assess penalties under Mass.R.A.P. 25.

The judgment is modified by deducting from the judgment plus statutory interest the sum of $10,000.

*So ordered.*

*Charles W. Danis, Jr.*, for the defendants.
*Wendy Sibbison* for the plaintiff.