DIANE MOREA, administratrix,[1] vs. COSCO, INC.

Suffolk. February 5, 1996. - May 7, 1996.

Present: WILKINS, ABRAMS, LYNCH, & FRIED, JJ.

*Damages,* Mitigation, Tort. *Evidence,* Settlement offer, Credibility of witness.

At the jury trial of a product liability case, the judge correctly admitted in evidence, on the issue of damages but not liability, the amount of money paid to the plaintiff in settlement of a claim for the same injury. [602-603]

The court announced that henceforth, unless the admission in evidence is relevant for some other purpose, no evidence of a settlement of a joint tortfeasor with a plaintiff or the amount of the settlement shall be admissible in a civil jury trial: the jury shall determine the damages and the judge shall make the appropriate reduction in the amount to be awarded if the plaintiff prevails. [603-604]

At the trial of a product liability action, the judge correctly admitted evidence that the driver of a vehicle had consumed alcohol before the accident in which his infant son was killed as probative of the accuracy of the father's perception whether he put the child in a booster seat in the rear of the motor vehicle with the seat belt properly placed. [604-605]

CIVIL ACTION commenced in the Superior Court Department on May 16, 1990.

The case was tried before *Hiller B. Zobel,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Alan L. Cantor* for the plaintiff.

*James B. Dolan (John J. Pentz* with him) for the defendant.

WILKINS, J. On June 6, 1987, shortly after midnight, William Hauck, travelling with his wife and two young sons, fell asleep at the wheel of an automobile on the Hutchinson River Parkway in New York City. The vehicle struck a light pole. Daniel, aged two years, who had been sitting in the back seat of the vehicle in a "booster seat" manufactured by the defendant, Cosco, Inc., died as a result of the accident. Daniel's

[1]Of the estate of Daniel Hauck.

mother, in the name of his estate, brought this action asserting that the booster seat had been defectively designed and had failed during the collision, causing Daniel's death by allowing his head to strike the seat in front of him.

The jury returned a verdict for Cosco, finding in an answer to a special question that "the condition of the booster seat at the time of the collision [was not] *a* substantial cause of Daniel Hauck's death" (emphasis in original). The jury were unable to decide whether the booster seat was reasonably fit for its intended use. In her appeal, which is here on our allowance of her application for direct appellate review, the plaintiff objects to two evidentiary rulings. First, the judge permitted Cosco, over the plaintiff's objection, to offer evidence that the father's insurer had paid $350,000 to the plaintiff in settlement of a claim against him. The judge rejected the plaintiff's contention that he had discretion to exclude evidence of the settlement. Second, the plaintiff was unsuccessful in obtaining a pretrial ruling excluding evidence that the father had consumed alcoholic beverages at his sister's home in Connecticut a few hours before the accident. The judge recognized that it was irrelevant whether the father's consumption of alcohol was a contributing cause of the accident. He ruled, however, that evidence of the father's alcohol consumption would be admissible on cross-examination as bearing on the credibility of aspects of his testimony. We affirm the judgment.

1. The judge correctly ruled that the defendant was entitled to place in evidence the amount of the settlement entered into between the father and the estate of the deceased child. "In mitigation of damages, a defendant is entitled to show in evidence the amount of money paid or promised to the plaintiff by a joint tortfeasor on account of the same injury." *Tritsch* v. *Boston Edison Co.*, 363 Mass. 179, 182 (1973) (*Tritsch I*). Evidence of such a settlement is, however, inadmissible on the issue of the defendant's liability. See *Murray* v. *Foster*, 343 Mass. 655, 660 (1962). When the *Tritsch* case came before us again, we noted that we had held that "evidence of payments received in settlement would be properly introduced to limit the possible recovery against [the defendant]." *Boston Edison Co.* v. *Tritsch*, 370 Mass. 260, 261 (1976) (*Tritsch II*). In *Franklin* v. *Guralnick*, 394 Mass. 753 (1985), after quoting the language set forth above from our first *Tritsch* opinion,

we added that "[n]othing we decide here undermines this long-standing principle concerning the introduction of settlement agreements in evidence at trial." *Id.* at 755. See *Carota v. Johns Manville Corp.*, 893 F.2d 448, 451 (1st Cir.), cert. denied sub nom. *Carota v. Celotex Corp.*, 497 U.S. 1004 (1990). In the *Guralnick* opinion, there is a strong intimation that, if a settlement is made during jury deliberations, any remaining defendant is entitled, on request, to a jury instruction as to the terms of the settlement agreement. *Id.*[2]

Although our practice has been to follow the so-called "jury rule" under which, on a defendant's request, the judge must admit evidence of both a settlement and its amount on the issue of damages, it is a minority position[3] and one that we abandon prospectively in favor of the so-called "court rule." When there is no significant risk that the jury's fact-finding function will be distorted, evidence of the settlement should be excluded. See D.P. Leonard, Selected Rules of Limited Admissibility, The New Wigmore § 3.7.5, at 3:100 (1996).

For the future, unless admission of the evidence is relevant for some other purpose, no evidence of a settlement or the amount of the settlement shall be admissible. The judge shall instruct the jury to determine the damages that the defendant substantially caused, and the judge shall make the appropriate reduction in the amount to be awarded to a plaintiff if the jury return a plaintiff's verdict. See *Tritsch II, supra* at 265 (concerning method of reflecting settlement with one tortfeasor in judgment to be entered against another tortfeasor). There may be situations, however, in which evidence of a settlement, or the amount of a settlement, will bear on some issue in the case other than damages, and an automatic rule of exclusion should not be applied. In the judge's discretion, it may be fair in particular circumstances, as, for example, when one defendant settles during trial, to advise the jury of

[2]Because we conclude that the judge did not err in admitting evidence of the amount of the settlement, we need not consider whether the plaintiff was prejudiced by the judge's ruling. If admission of the settlement evidence was error, the error may not have been significantly prejudicial. The jury found that the condition of the booster seat at the time of the collision was not a substantial cause of the child's death. The fact and the amount of the settlement had no direct bearing on that issue.

[3]See DeMarco, The Admissibility at Trial of the Settlement of a Joint Tortfeasor, 41 Fed'n Ins. & Corp. Couns. Q. 271 (1991).

the fact that there has been a settlement and to instruct the jury to arrive at any damage determination without consideration of, or speculation about, the settlement. See Rule 408 of the Proposed Massachusetts Rules of Evidence which expresses the principle that we now adopt, by generally excluding evidence of a settlement to prove either liability or the amount of a claim but not requiring exclusion when the evidence is offered for another purpose.[4]

The rule we adopt will tend to encourage a plaintiff to settle with one tortfeasor, knowing that the case against another tortfeasor will not be prejudiced by evidence of the settlement. Moreover, leaving the calculation to adjust for the settlement to the judge instead of to the jury, will facilitate the application of the offset that this court has directed be made to reflect a settlement with another joint tortfeasor. See *Tritsch II, supra.*[5]

2. The judge did not abuse his discretion in ruling admissible evidence that the plaintiff's husband had consumed alcoholic beverages a few hours before the accident. See *Commonwealth* v. *Sherry*, 386 Mass. 682, 693 (1982). As it happened, evidence of the husband's consumption of three alcoholic drinks was introduced only during the plaintiff's direct examination. It was no doubt offered then to mitigate the stronger negative impact that the development of that evidence would have had during cross-examination. We shall assume that the issue of the husband's drinking was not waived in such a circumstance.

---

[4]Proposed Rule 408 reads as follows:

### "COMPROMISE AND OFFERS TO COMPROMISE

"Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for, invalidity of, or amount of the claim or any other claim. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

[5]The plaintiff did not urge the judge to adopt Rule 408 of the Proposed Massachusetts Rules of Evidence or some new principle concerning evidence of settlements. Her argument was limited to her counsel's perception that the then current law of the Commonwealth gave the judge discretion as to the admissibility of evidence of a settlement.

The husband testified that he strapped Daniel in the booster seat when the family left his sister's home. Evidence of his alcohol consumption was probative as to the accuracy of his perception whether he put Daniel in the booster seat with the seat belt properly placed. See *Commonwealth* v. *Carrion*, 407 Mass. 263, 273-274 (1990). The admissibility of the evidence was within the judge's discretion.

*Judgment affirmed.*