Fremont-Smith, J.
On or about August 7, 1996, the jury in this case returned a verdict in the amount of $500,000 in favor of the plaintiff, Gino Fusaro (“Fusaro”). On or about August 13, 1996, the clerk of the court entered a judgment in which he calculated, pursuant to M.G.L.c. 231, §6B, that interest was due on the sum of $500,000 from August 15, 1990 at the rate of twelve percent per annum (12%) for a total interest payment of $358,666.74. The defendants have moved to amend the judgment on the grounds that the amount received by Fusaro in workers compensation payments, the undisputed sum of $159,323.48 (which plaintiff has had the use of and which will now have to be repaid to the Worker’s Compensation carrier out of the recovery), should be deducted prior to the calculation of prejudgment interest, thereby reducing the total interest payment to approximately $244,400.61. After hearing and the Court’s review of the submissions of the parties, the defendant’s motion is DENIED.
*158 DISCUSSION
The defendants, citing McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704 (1990), assert that to award prejudgment interest on an amount of damages including workers compensation payments which Fusaro has already had the use of, would make the plaintiff more than whole and have moved to amend the judgment to calculate the prejudgment interest due Fusaro based on the jury verdict less $159,323.46, the amount paid to Fusaro in workers compensation benefits. Although the Court in McEvoy, supra, did state that the purpose of the prejudgment interest “is to compensate a damaged party for the loss of use or the unlawful detention of money,” as defendant contends, the actual holding was only to the effect that the plaintiff, who sought damages under M.G.L.c. 93A, was entitled to prejudgment interest only on actual damages awarded by the jury and not on noncompensatory multiple damages awarded under the statute, as “(t]o add prejudgment interest to these penal damages would compound the penalty and would violate the purpose of G.L.c. 231, §6B.” Id. at 717.
Were this a case of first impression, defendant’s argument would have some logical force, but it is settled law in Massachusetts, pursuant to M.G.L.c. 231, §6B, that prejudgment interest at the rate of twelve percent (12%) per annum must be added to the entire amount of damages, without deduction for prior recovery of a portion thereof from another source. See Harvey v. Essex Bancorp, Inc., 25 Mass.App.Ct. 323 (1987) (holding that interest should be calculated on the entire amount of the verdict notwithstanding settlement with other parties whereby plaintiff had earlier use of part of the damages); Franklin v. Guralnick, 394 Mass. 753, 754-55 (1985) (recognizing settled law that prejudgment interest is calculated on the amount of the verdict prior to deduction of settlement). “Generally, ‘actual damages’ are losses flowing directly from a wrongful act,” Simon v. Solomon, 385 Mass. 91, 112 (1982), which in this case are Fusaro’s economic losses, including the amounts he admittedly received for worker’s compensation. Accordingly, as the award of prejudgment interest on the entire amount of $500,000 is required according to the above precedents, the amount of interest shall not be reduced.
ORDER
For the foregoing reasons, the defendants’ motion to amend the judgment is DENIED.