Brassard, J.
On June 28, 1999 this negligence/ emotional distress case was before the court for oral argument on plaintiffs’ motions for a new trial and defendant’s cross motion for a set-off and reduction in damages. Plaintiff Michael Martin (“Michael”) argues that he is entitled to a new trial because the jury’s answers to the special verdict questions were inconsistent and the verdict was therefore manifestly against the weight of the evidence. Plaintiff Kimberly Martin (“Kimberly”) argues that she is entitled to a new trial because the sequence of the questions on the special verdict slip prevented the jury from reaching a verdict on her claim for negligent infliction of emotional distress. Defendant City of Cambridge[3] (“Cambridge”) argues that it is entitled to a set-off and reduction in damages because the damages are dupli-cative of monies Michael received from collateral sources following his accident. For the reasons set forth below, the plaintiffs’ and defendant’s motions are DENIED.
BACKGROUND
On October 18, 1991 Michael was brought to the Cambridge Hospital (“hospital”) after a car accident. As he lay down on a hospital gurney, he was pricked twice by a 14 gauge angiocath needle that had been left on the gurney. As a result of the needle pricks, Michael suffered soreness and irritation to his legs. In addition, he feared the possibility of contracting HIV/AIDS or hepatitis. When Michael’s wife, Kimberly, was notified that her husband had been pricked by a needle, she also feared the possibility of contracting a *335 blood-transmitted disease. Michael and Kimberly made claims against Cambridge Hospital and Dr. Joseph Russo for negligence, loss of consortium, and negligent infliction of emotional distress. The jury found Cambridge negligent and awarded $5,000 in damages to Michael for negligence and $5,000 to Kimberly for loss of consortium. The jury found for Cambridge on Michael’s claim for negligent infliction of emotional distress. After finding that Michael had not suffered the physical harm required for a negligent infliction of emotional distress, the jury did not reach Kimberly’s claim for negligent infliction of emotional distress. Michael and Kimberly have moved for new trials.
DISCUSSION
To be granted a new trial the movant must, show that the verdict rendered was manifestly against the weight of the evidence. Kaltsas v. Duralite Company, Inc., 4 Mass. App.Ct. 634 (1976). A trial judge is not bound to set aside a verdict merely because in his or her opinion the jury could have found for the losing parly. See Fournier v. Holyoke St. Ry. Co., 258 Mass. 257 (1927). Rather, a trial judge must determine whether the verdict is so markedly against the weight of the evidence as to suggest that the jurors allowed themselves to be misled, including misunderstanding of the applicable law, so that the jurors failed to come to a reasonable conclusion. See W. Oliver Tripp Company v. American Hoechst Corporation, 34 Mass.App.Ct. 744, 748 (1993).
Michael
Michael argues that inconsistencies in the answers to the special verdict questions indicate that the verdict was manifestly against the weight of the evidence. In order to correct alleged inconsistencies in special verdict answers, a litigant must object prior to dismissal of the jury. See McCue v. Prudential Ins. Co. of America, 371 Mass. 659, 663 (1976). Otherwise, the litigant waives his right to object to the verdict on the basis of the alleged inconsistencies. Id. “(Mass.R.Civ.P. 49[b]) clearly contemplates a motion prior to dismissal of the jury, for it envisages that the judge may order reconsideration of the answers and the verdict.” Id. Here, where Michael failed to bring the alleged inconsistencies to the court’s attention prior to dismissal of the jury, he has waived his right to object. Id at 664.
Moreover,[4] when a special verdict is allegedly inconsistent, the court must determine whether there is some reasonable view of the case that will harmonize the apparent inconsistencies. Id at 664; see also Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines Ltd., 369 U.S. 355, 364 (1962). Where one possible interpretation of the jury findings reveals an apparent inconsistency, reliance on that view alone may result in a “collision with the Seventh Amendment.” Id. Consequently, if the court is able to harmonize apparent inconsistencies in a reasonable way, the inconsistencies will be resolved. Id.; see also McCue, 371 Mass. at 664.
Michael contends that the jury’s failure to find physical harm in Special Question #20 was inconsistent with its answers to Special Questions #6, 8, and 19. A reasonable jury could have concluded, however, that the injury suffered by Michael was adequate to support a finding of negligence, but insufficient for a finding of the physical harm required for negligent infliction of emotional distress.
The jury found that the hospital was negligent (Question #6) and that its negligence caused Michael “injury” (Question #8). In evaluating Michael’s claim for negligent infliction of emotional distress, however, the jury found that although the hospital’s negligence was a substantial factor in causing Michael emotional distress (Question #19), Michael did not suffer “physical harm as a result of the conduct which caused the emotional distress” (Question #20). Michael argues that the jury’s finding of causation and injury in Question #8 was inconsistent with their finding of no physical harm in Question #20.
Questions #8 and #20 are not, however, duplica-tive. The injury required for a finding of negligence is different from the physical harm required for a claim of negligent infliction of emotional distress. To establish negligent infliction of emotional distress, a plaintiff must prove physical harm manifested by objective symptomatology and that the physical harm either caused or was caused by the emotional distress. Payton v. Abbott Labs, 386 Mass. 540, 556-57 (1982). Here, the jury specifically did not find that the hospital’s conduct resulted in the requisite level of physical harm. Id. Under Payton, the jury were entitled to conclude, under all the circumstances of this case, that the needle pricks themselves did not cause Michael’s emotional distress and that his emotional distress did not cause physical harm manifested by objective symptomatology. There is no inconsistency in the jury’s findings. Consequently, the jury’s verdict was not manifestly against the weight of the evidence, and Michael is not entitled to a new trial.
Kimberly
Kimberly contends that an error in the special verdict questions deprived her of a jury decision with respect to her claim for negligent infliction of emotional distress. After finding in Question #20 that Michael had not suffered the physical harm required for negligent infliction of emotional distress, the jury were instructed by the verdict slip to move to Question #27, thus skipping Questions #23-26, which addressed Kimberly’s claim for negligent infliction of emotional distress.
Here, too, however, the doctrine of waiver applies. Failure to object to the verdict form before the jury retires, like failure to object to any other portion of the judge’s charge, constitutes a waiver. See Scott-Harris *336 v. City of Fall River, 134 F.3d 427, 435 (1st Cir 1997); see also Mass.R.Civ.P. 51(b); Myers v. Karn, 11 Mass.App. 1012 (1981) (plaintiffs failure to object to the instructions at trial precluded her from urging on appeal that they were erroneous). Had this matter been brought to the court’s attention before the jury were dismissed, the court would have instructed the jury to address Questions #23-26.
Cambridge
In its cross motion, Cambridge argues that it is entitled to set-off pursuant to G.L.c. 231, §60G because Michael’s insurance has compensated him for his medical expenses resulting from the underlying motor vehicle accident. In addition, Cambridge seeks a reduction in the amount of damages, arguing that Michael has already been compensated for the pain and suffering caused by the needle stick.
If a jury verdict itemizes the type and amount of the damages awarded, the court “shall hear evidence of the amount of such damages that are claimed to have been duplicated by payments from any collateral source.” G.L.c. 231, §60F(a). If the court determines that there has been a duplication of damages, it shall reduce the amount of the award by such finding. See G.L.c. 231, §60G. In this case, however, the jury (with the acquiescence of all parties) did not itemize the type and amount of damages. Cambridge is, therefore, not entitled to set-off under §60G.
Cambridge also claims that damages should be reduced because certain insurance payments to Michael are duplicative of the damages awarded by the jury. Cambridge argues that because it was not permitted to present the jury with evidence that Michael had settled with his automobile insurer for the underlying accident, and because that settlement allegedly included compensation for the pain and suffering caused by the needle sticks, Cambridge is entitled to a reduction in the $5000 award to Michael. Where, as here, evidence of other settlements is not admissible at trial, “the judge shall instruct the jury to determine the damages that the defendant substantially caused, and the judge shall make the appropriate reduction in the amount to be awarded to the plaintiff.” Morea v. Cosco, 422 Mass. 601, 603 (1996).
In claiming that it is entitled to a reduction in damages, Cambridge relies on a letter from Michael claiming underinsured benefits (UM) from his automobile insurer. In that letter Michael sought, inter alia, compensation for the pain and suffering caused by the needle sticks. Michael and Kimberly subsequently received $19,000 in settlement of the UM claim. Cambridge argues that because Michael has already been compensated for the pain and suffering caused by the needle sticks, he is not entitled to duplicative payments from Cambridge. Cambridge has presented no evidence, however, that the insurance payments are duplicative of Michael and Kimberly’s claims against Cambridge. Although Michael received insurance compensation of more than $60,000, Cambridge presents neither itemization of the various insurance payments nor proof that the insurers intended to compensate Michael for any subsequent negligence of the hospital. In the absence of such substantiation, Cambridge is not entitled to a reduction in the amount of the jury awards to Michael and Kimberly.
ORDER
It is therefore ORDERED that the plaintiffs’ motions for new trial and the defendant’s motion for set-off and/or reduction in damages are DENIED.

 The jury found no negligence on the part of defendant Joseph Russo and he is not a party to these motions.

 Although Michael has waived his right to object, the court reaches the merits of his argument as an alternative basis for its decision.