JOSEPH COMPOSTO *vs.* MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY (and a companion case[1]).

No. 99-P-1058.

Barnstable. November 15, 1999. - January 24, 2000.

Present: PORADA, KAPLAN, & GILLERMAN, JJ.

*Massachusetts Bay Transportation Authority. Practice, Civil,* Instructions to
jury, Appeal, Failure to make objection.

In a civil action, the defendant failed to preserve for appellate review the
judge's failure to give the jury a particular instruction and, in any event,
the judge adequately instructed on the principles governing all the essential
issues presented. [478-481]

CIVIL ACTIONS commenced in the Superior Court Department
on April 4, 1997.

After consolidation, the cases were heard by *Gerald F.
O'Neill, Jr.,* J.

*James J. Condon, Jr.,* for the defendant.

*John S. Moffa* for the plaintiffs.

PORADA, J. The plaintiffs were riding on an escalator at the
Braintree Massachusetts Bay Transportation Authority (MBTA)
station when a member of a cleaning crew used a key to stop
and restart the escalator, causing the plaintiffs to fall and injure
themselves. Each plaintiff brought a separate action in the
Superior Court for negligence against the defendant (MBTA),
the Millar Elevator Service Company (Millar), and the Fairview
Cleaning Company, Inc. (Fairview). The actions were consoli-
dated for trial. At the trial before a jury in the Superior Court,
the only defendant remaining was the MBTA because a
dismissal had been entered in favor of Millar and a default

---

[1]Joan Composto *vs.* Massachusetts Bay Transportation Authority.

judgment had been entered against Fairview in both actions.[2] The jury returned verdicts against the MBTA. From the judgments[3] against it and from the order denying the motion for judgment notwithstanding the verdict or, alternatively, for a new trial, the MBTA filed this appeal claiming only that the judge erred in failing to instruct the jury that the defendant Fairview had been determined to be liable as matter of law. We affirm the judgments and the order denying the motion for judgment notwithstanding the verdict or, alternatively, for a new trial.

At trial, the plaintiffs' case against the MBTA was based on evidence that the MBTA was negligent in allowing a Fairview employee to have access to the key controlling the escalator. The MBTA presented the judge with a request for instructions and special questions. The requested instructions did not contain the instruction the MBTA now argues that the judge should have given. In its request for special questions to be submitted to the jury, the MBTA did ask that the jury determine whether Fairview was negligent and whether its negligence caused the plaintiffs' injuries. After inquiring whether the MBTA was alleging comparative negligence and after having been told by the MBTA's counsel that it was not, the judge declined to put the questions to the jury and told counsel he would "save [his] rights." The MBTA now claims that its counsel's conversation with the judge was sufficient to preserve its right to argue on appeal that the judge should have instructed the jury that Fairview had been determined to be liable by virtue of the default judgments and, alternatively, even if it was not, that the judge had the duty to do so to fulfill his obligation to instruct the jury on the legal principles governing all the essential issues presented. The MBTA argues that the failure to give the instruction resulted in irreparable harm to it because the jury were left to speculate about Fairview's status and responsibility and, instead of being asked to decide whether the MBTA was also responsible for the plaintiffs' injuries, they were only being asked to decide if the MBTA was solely responsible for their injuries.

Even if we were to give the most generous reading to the

---

[2]Default judgments had been entered against Fairview for failure to defend, but no assessment of damages hearing had been held to complete the proceedings against it. Mass.R.Civ.P. 55(b)(2), as amended, 423 Mass. 1402 (1996).

[3]The judgments were certified in accordance with Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974).

MBTA's counsel's conversation with the judge relating to the status of Fairview in this case,[4] the MBTA never requested the particular instruction it now argues should have been given. The thrust of counsel's conversation with the judge focused on the MBTA's request that the jury be asked to determine Fairview's negligence which, of course, would have been pointless if the

---

[4]The following is the conversation between the judge and counsel regarding Fairview.

MR. CONDON: "Your Honor, what about Fairview Cleaning?"

THE COURT: "Well, perhaps I'm not making myself clear. You're not responsible per se for the actions of the employee that's the Fairview Cleaner. The negligence of the M.B.T.A., if any, is in allowing the key to come into the hands of these — of this employee under whatever circumstances the jury finds he had the key."

MR. CONDON: "I understand that, but —"

THE COURT: "That's the negligence."

MR. CONDON: "I mean is the Fairview employee and their position as defendant defaulted?"

THE COURT: "Oh, they're defaulted. They're defaulted. If they're the only negligent party, then, you know, so be it. The M.B.T.A. is not negligent. But they're not before the Court."

MR. CONDON: "Right. But as far as the special questions to the jury, will there be a question concerning the negligence —"

THE COURT: "Why? Why would you ask the jury about the negligence of someone who's not before the Court? That would just confuse the issue."

MR. CONDON: "Well, I think it — in not doing so, it's sort of was it the M.B.T.A.'s fault or not."

THE COURT: "Right."

MR. CONDON: "But you've got another defendant who isn't even here to defend themselves who hasn't even made the effort to defend themselves. So, the fact that the jury doesn't have that —"

THE COURT: "You will certainly argue, and perhaps rightfully — perhaps rightfully, well, this is — we did what we were supposed to do. This is clearly Fairview's baby. They're the one's that are responsible. Therefore, my client is not responsible."

MR. CONDON: "But I guess what I'm suggesting — and I had prepared some special questions to the jury also. And basically — but I've got Millar in there as part of the mix. Was the M.B.T.A. negligent? Was Fairview Cleaning negligent?"

THE COURT: "I'm not going to ask about parties who are not before the court. I think that takes the eye of the jury off the ball, what they should determine. Whether the M.B.T.A. was negligent and whether that negligence was a proximate cause. Was it foreseeable that that negligence would cause the injury which actually happened. And that's what I'm going to ask them. And I'll save your rights."

particular instruction had been given. The MBTA is correct, however, that, even if it did not request the instruction, it was entitled to an adequate charge on the controlling issues. *De-Sanctis* v. *Lynn Water & Sewer Commn.*, 423 Mass. 112, 118-119 n.11 (1996). *Carvalho* v. *State Band Club, Inc.*, 3 Mass. App. Ct. 755 (1975). However, the fact that Fairview had been defaulted was not relevant to a determination of the MBTA's liability. Here, the plaintiffs' case was based on the theory that the MBTA was negligent in entrusting keys to the escalator to Fairview's employee without proper instruction or supervision as to its use. The judge properly instructed the jury that the MBTA could not be held liable for the actions of a person who was not its employee but could be held liable if the jury determined that the MBTA was itself negligent in allowing that person to have a key that controlled the operation of the escalator and its negligence was the proximate cause of the plaintiffs' injuries. Those instructions were not only adequate to provide the jury with the necessary guidance to decide the issues relating to the MBTA's liability, but also did not create a risk that the jury's fact-finding process was distorted in any manner. Cf. *Morea* v. *Cosco, Inc.*, 422 Mass. 601, 603-604 (1996) (evidence of settlement inadmissible on issue of liability).

Further, in order to raise on appeal the issue of the trial judge's failure to give a particular instruction, the appealing party must have lodged an objection to the omission of the instruction with the trial judge before the jury retired to consider its verdict. Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974). The MBTA asserts that it made a timely objection to the judge's failure to give the particular instruction. The MBTA apparently relies upon its belief that its counsel's conversation with the judge relating to Fairview's default status and the special questions amounted not only to a request for the particular instruction but also constituted an objection to its omission. In making an objection counsel must state "distinctly the matter to which he objects and the grounds of his objection." Mass.R.Civ.P. 51(b). *Miller* v. *Boston & Maine Corp.*, 8 Mass. App. 770, 773 (1979). In this case, counsel failed to do so. He cannot assume that the matter to which he objects or the grounds therefor are

apparent from his conversation with the judge.[5] *Ibid.* See *Laveck v. Pascoe Pizza, Inc.*, 29 Mass. App. Ct. 935, 936-937 (1990) ("[c]onversation, however, does not an objection make" where counsel fails to state distinctly the matter to which he objects and the grounds of his objection). The judge's comment that the MBTA's rights were saved could only be construed as directed to the judge's refusal to ask the special questions submitted by the MBTA where counsel never asked the judge to give the particular instruction at issue. Consequently, the MBTA has failed properly to preserve the issue for review.

*Judgments affirmed.*

*Order denying motion for judgment notwithstanding the verdict or, alternatively, for a new trial affirmed.*

---

[5]"Cautious counsel, however, wisely will renew any earlier objection with specificity after the charge unless the judge then instructs otherwise." *Flood* v. *Southland Corp.*, 416 Mass. 62, 67 (1993).