LEONARD J. SALTER, trustee in bankruptcy, vs.
MARGARET C. SCOTT, administratrix, & others.[1]

Suffolk.    February 6, 1973. — March 29, 1973.

Present: TAURO, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Practice, Civil,* Transfer of action to District Court, Transfer of action
to Superior Court, Reconsideration of issue. *District Court,* Juris-
diction. *Law of the Case.*

Where it appeared that an action was entered in a Municipal Court
and subsequently, pursuant to G. L. c. 223, § 2B, was transferred
to the Superior Court and consolidated with a cross action entered
in the Superior Court and that both actions were then transferred
under c. 231, § 102C, to the Municipal Court where proceedings
in the cross action were stayed and the action originally entered
in the Municipal Court was tried, it was held that the action so
tried could as a matter of right be retransferred under § 102C
to the Superior Court for retrial.   [396–401]

Failure by the defendant, in a case retransferred from a Municipal
Court to the Superior Court for retrial pursuant to G. L. c. 231,
§ 102C, to except to a Superior Court order transferring the case
to the Municipal Court for entry of judgment did not preclude, on
the ground of "the law of the case," the Municipal Court from
considering the propriety of the transfer to it and from concluding
that the transfer was void and that it had no jurisdiction to enter
judgment.   [401–402]

CONTRACT.   Writ in the Municipal Court of the City
of Boston dated April 20, 1966.

Proceedings in the action are described in the opinion.
A motion for entry of judgment was heard in the Mu-
nicipal Court by *Gorrasi, J.*

*Peter J. Gagne (Sally A. Corwin* with him) for the
plaintiff.

*Joseph A. Marino,* for the defendant, submitted a brief.

WILKINS, J.   In the particular circumstances of this
case, which the Superior Court transferred for trial

---

[1] The other two defendants are not identified on the record.   One of
them appears to be a defendant on a trustee writ.   After entry of
the case the original defendant, one Capobianco, died and his admin-
istratrix has been substituted as defendant.   The defendant from
time to time will be referred to in this opinion simply as the defendant.

under G. L. c. 231, § 102C, we must determine whether the defendant is entitled to a retrial in the Superior Court, as the Municipal Court of the City of Boston (Municipal Court) and its Appellate Division have ruled, or whether, as the Superior Court has ruled, final judgment should be entered in the Municipal Court pursuant to its finding for the plaintiff.

This action of contract was commenced by one Gigliello in the Municipal Court in April, 1966, with an ad damnum of $2,500. The defendant did not remove the case to the Superior Court as was the defendant's right under G. L. c. 231, § 104.[2] In July, 1966, the defendant sued the plaintiff in the Superior Court with respect to matters arising out of the same transaction. In 1969 the Superior Court ordered that the Municipal Court case be transferred to the Superior Court, pursuant to G. L. c. 223, § 2B, as amended by St. 1945, c. 373, § 1, which authorizes the Superior Court to order the transfer to it of any action pending in a District Court where "cross actions between the same parties or two or more actions . . . arising out of or connected with the same accident, event or transaction" are pending, one or more in the Superior Court and one or more in one or more District Courts.[3] Whenever an action is transferred to the Superior Court pursuant to G. L. c. 223, § 2B, the action must "thereafter proceed . . . as though originally entered there." G. L. c. 223, § 2C, inserted by St. 1943, c. 369, § 1.

Subsequently, orders of transfer were entered in the Superior Court transferring both actions to the Municipal Court for trial. The Superior Court acted pursuant

[2] If the ad damnum exceeds $2,000, under § 104 the defendant in a case entered in a District Court may, within two days after the time allowed for the entry of his appearance, claim a trial by the Superior Court. The Municipal Court is appropriately regarded as a District Court. See G. L. c. 218, § 1. As to the applicability of § 104 to the Municipal Court, see G. L. c. 231, § 141.

[3] Although the order is not before us, we assume, as both parties state, that the order of transfer (or some other action of the Superior Court) provided that the cases be tried together. There is no indication that the cases were "fused," thus losing their separate identities. See *Lumiansky* v. *Tessier*, 213 Mass. 182, 188–189.

to G. L. c. 231, § 102C, as amended by St. 1962, c. 305, which authorizes the Superior Court to transfer for trial at the District Court level any action of tort or contract "if . . . there is no reasonable likelihood that recovery will exceed . . . [$2,000]."

After the transfer, the bankruptcy of the plaintiff in the Municipal Court action was suggested, and his trustee in bankruptcy was allowed to appear as plaintiff.[4] At the same time the cross action was stayed on the motion of the trustee in bankruptcy. See 11 U. S. C. § 29 (a) (1970). Thus for the purposes of litigating any issues in the State courts, only the original Municipal Court action remained viable. That case was then tried, resulting in a finding for the plaintiff in the sum of $1,296.

The issue for our decision arises from the plaintiff's insistence, on the one hand, that the action of the Municipal Court was dispositive of this matter at the trial level and the defendant's insistence, on the other hand, that it was not. Within ten days after the finding was entered, the defendant requested that the action be retransferred to the Superior Court for trial, acting purportedly pursuant to the provisions of G. L. c. 231, § 102C. Once the action had been retransferred to the Superior Court, the plaintiff (who raised no objection in the Municipal Court with respect to its action in retransferring the case to the Superior Court) moved that the action be transferred to the Municipal Court for entry of judgment on the ground that the case was improperly retransferred to the Superior Court. The motion was allowed in the Superior Court, and an order was entered directing the transfer of the case to the Municipal Court for entry of judgment. The defendant took no exception to that order.[5]

---

[1] The original plaintiff and his trustee in bankruptcy are referred to herein as the plaintiff.

[5] The contention of the defendant, accepted by the Appellate Division, that the Superior Court lacked jurisdiction to transfer the case to the Municipal Court for entry of judgment and that the Superior Court order was, therefore, null and void is not well founded. Im-

On the return of the case to the Municipal Court, the clerk's office declined to enter judgment for the plaintiff without an order of a judge of its court. The plaintiff therefore moved for entry of judgment. The Municipal Court judge concluded that "under the provisions of Chap. 231, Sec. 102C it has no jurisdiction of the plffs motion for judgment and thereby discharges same from consideration." The plaintiff claimed a report. The Appellate Division of the Municipal Court dismissed the report, agreeing with the conclusions that the Superior Court should have retained the case, that the defendant was within her rights in seeking a retrial in the Superior Court and that the order transferring the matter to the Municipal Court was void and without effect.

We regretfully conclude, undesirable as it may be in the proper utilization of judicial manpower, that the defendant in this small case is entitled to a retrial in the Superior Court. It is not disputed that if this case had been entered initially in the Superior Court or if it had been removed by the defendant pursuant to G. L. c. 231, § 104, and it had been transferred to the Municipal Court for trial, a retransfer for determination in the Superior Court would have been required under G. L. c. 231, § 102C, on the proper request of an aggrieved party. It seems further to be agreed that if the original Superior Court action had not been stayed in the Municipal Court because of the bankruptcy of the defendant in that action, and both cases had been tried together in the Municipal Court, both cases would have been subject to retrial in the Superior Court. The plaintiff contends, however, that the stay of the Superior Court action in the Municipal Court terminated the defendant's right to a Superior Court determination. We disagree.

The plaintiff claims that the Municipal Court case could not have been transferred to the Municipal Court

proper disposition of a case properly before a court does not make the court's action "null and void." The consequences, if any, of the defendant's failure to except to the Superior Court order to transfer the case to the Municipal Court for entry of judgment are considered later in this opinion.

but for its affiliation with a Superior Court case which admittedly could be transferred under § 102C. The first paragraph of § 102C provides for the transfer for trial of an action "to the court from which such action was previously removed, if any, or if such action was originally entered in the superior court, to any district court, including the municipal court of the city of Boston, in which it could have been brought . . . ." The plaintiff correctly points out that the case was not "removed" to the Superior Court and that it was not "originally entered in the superior court." From this, it is claimed that the right to transfer the case at all came only from its affiliation with a case which could be transferred. Such an argument ignores G. L. c. 223, § 2C, which clearly provides that a case consolidated in the Superior Court with an action arising out of the same transaction must thereafter proceed "as though originally entered there." To us this means that § 102C allows the transfer in its own right of a District or Municipal Court case consolidated under G. L. c. 223, § 2B, with one or more other cases in the Superior Court.

The provisions of § 102C plainly permitted the defendant to seek a Superior Court determination of the case. Section 102C, as amended through St. 1967, c. 767, § 2, provides that "[a]ny party to the transferred action aggrieved by the finding or decision may as of right have the case retransferred for determination by the superior court . . . ." This case was a "transferred action." Thus, even if, contrary to our view, the case was transferred only because of its affiliation with the Superior Court case, it was nevertheless a "transferred action," and the defendant as an aggrieved party had the right to have the case retransferred to the Superior Court for determination by it. Section 102C further provides that "any party to an action consolidated for trial with the transferred action aggrieved by the finding or decision may as of right have his case transferred for determination by the superior court." Although this language makes no explicit distinction between a consolidation in

the Superior Court (G. L. c. 223, § 2B) and a consolidation in the District Court (G. L. c. 223, § 2A), in the context of the statute it seems likely that only consolidations at the District Court level are referred to and, because of what we have said, need be referred to.[6] Thus, if the consolidation of the case before us had occurred not in the Superior Court but in the Municipal Court after transfer of the original Superior Court action, plainly the defendant would have had a right to a Superior Court trial under the quoted language. It would be illogical to deny her this right simply because the consolidation occurred in the Superior Court.

Because of what we have said, the Superior Court consolidation gave the Municipal Court case status as a Superior Court case under § 102C as if by birthright and not simply a dependent status contingently subject to divestiture on the stay of the related case which had been originally entered in the Superior Court. Consequently, the defendant was entitled as of right to a Superior Court determination of the case.

The plaintiff asserts that the defendant's failure to except to the Superior Court order transferring the case to the Municipal Court for entry of judgment made the Superior Court order "final, conclusive and the law of the case." In effect, the plaintiff seems to be arguing that, although the Superior Court had the right to consider the propriety of the retransfer of the case to it for determination, the Municipal Court had no right to decide whether the Superior Court order was proper.

The Municipal Court was not barred from determining on its own whether the plaintiff was lawfully entitled to entry of judgment. Although the defendant may have waived any right to any further judicial determination of this question (because she failed to take an exception to the order of the Superior Court), the Municipal Court clearly had the power to consider the question. "Though

---

[6] If we are wrong in this conclusion and the reference includes cases consolidated for trial in the Superior Court, this quoted language explicitly allows the defendant a retrial in the Superior Court.

there is no duty to reconsider a case, an issue, or a question of fact or law, once decided, the power to do so remains in the court until final judgment or decree." *Peterson* v. *Hopson*, 306 Mass. 597, 601. *DeLuca* v. *Boston Elev. Ry.* 312 Mass. 495, 496–497. The rule of the law of the case, a doctrine which is permissive and not mandatory, in no way denied the Municipal Court the right to consider what action it should take on the transfer of the case to it for entry of judgment. *Potter* v. *John Bean Div. of Food Mach. & Chem. Corp.* 344 Mass. 420, 427 and cases cited.

The action of the Appellate Division in dismissing the report is affirmed and an order shall be entered in the Municipal Court retransferring the case, pursuant to G. L. c. 231, § 102C, for determination by the Superior Court.

*So ordered.*