JOHN T. GOULET & others *vs*. WHITIN MACHINE WORKS, INC., & another.[1]

Bristol.  December 1, 1986. — April 8, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Amendment, Judicial discretion, Reconsideration of issue, Costs. *Negligence,* Manufacturer, Contributory. *Sale,* Warranty. *Uniform Commercial Code,* Warranty. *Warranty. Law of the Case. Damages,* Negligence, Interest. *Interest.*

At the trial of an action to recover damages for injuries allegedly resulting from the defendant's negligent design and construction of a machine, the plaintiffs should have been granted leave before trial to amend their complaint to add breach of warranty claims, where there was no showing that either prejudice to the defendant or undue delay in the trial would have resulted from the amendment, and where the record revealed no bad faith, dilatory tactics, or other reason for the judge's denial of the motion. [549-552]

Where the judge at the trial of a negligence action incorrectly believed that, because of the denial by a different judge of the plaintiffs' pretrial motion for leave to amend their complaint to add a breach of warranty claim, he did not have discretion to allow the plaintiffs' motion to amend their complaint to conform to the evidence, and where, in view of the evidence as to the defendant's breach of its implied warranty of merchantability, he should have allowed the motion, the case was remanded for a new trial on the plaintiffs' breach of warranty claim. [552-554]

At the trial of a civil action, in which a plaintiff prevailed on one claim and the defendant prevailed on others, no abuse of discretion appeared in the judge's allowance of costs only to the plaintiff. [555]

[1] The plaintiff's amended complaint added the plaintiff's wife and children as party plaintiffs, and Ashworth Bros., Inc., as a party defendant. The claims were as follows: John T. Goulet against Whitin for negligent construction and design, and negligent failure to warn; John T. Goulet against Ashworth for negligent modification of the machine and negligent failure to warn; the plaintiff's wife and children against both defendants for loss of consortium and society, and emotional distress. Complaints against Ashworth were dismissed after settlement was reached, and approved by the court. Only plaintiff John T. Goulet prevailed against Whitin. The jury found the plaintiff 50% contributorily negligent.

Where, in response to special questions, the jury at the trial of a negligence action found that the plaintiff had been fifty percent contributorily negligent and found a certain sum as the total damages "which would have been recoverable . . . if there had been no contributory negligence attributable to the plaintiff," the judge, in assessing damages against a defendant who proceeded to trial, should have reduced by fifty percent the sum found by the jury; then added interest calculated on the remainder; and, finally, subtracted from the remainder, plus this interest, the amount that had been paid the plaintiff by a codefendant with respect to which a settlement was reached. [555-557]

CIVIL ACTION commenced in the Superior Court Department on May 21, 1979.

A motion for leave to amend the complaint was heard by *Roger B. Champagne*, J., sitting under statutory authority, and the case was tried before *Guy Volterra*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*James B. Re* (*Frank W. Kilburn* with him) for John T. Goulet.

*Joseph D. Regan* for Whitin Machine Works, Inc.

LYNCH, J. The plaintiff John T. Goulet (hereinafter plaintiff) filed suit on May 21, 1979, against the defendant Whitin Machine Works, Inc. (Whitin), alleging negligent design and construction of a machine which caused the plaintiff injury requiring that his arm be amputated. In 1981, the plaintiff amended his complaint adding Ashworth Bros., Inc. (Ashworth), as a defendant and counts against Whitin for negligent failure to warn, and loss of consortium and society claims on behalf of his wife and children. On December 7, 1983, Ashworth's unopposed motion for leave to file a late cross claim against Whitin, alleging breach of warranty and negligence, was allowed. On January 24, 1984, a similar unopposed motion of Whitin against Ashworth was allowed. On December 9, 1983, five days prior to the scheduled trial date of December 14, 1983, the plaintiffs filed a motion to amend their complaint by adding breach of warranty claims against both defendants. That motion was heard and, on December 13, 1983, it was denied. On December 14, 1983, the trial was rescheduled for April 16, 1984.

The plaintiffs then sought a reconsideration of their motion to amend the complaint, which was denied on December 27, 1983. The plaintiffs appealed to a single justice of the Appeals Court, who denied their request for relief on the basis that she could not conclude that the judge below had abused his discretion. After reconsideration was denied, the plaintiffs sought relief in this court under G. L. c. 211, § 3, which was also denied. The plaintiffs renewed their motion to amend the complaint before the start of trial, and they moved to amend their complaint to conform to the evidence before they rested. The trial judge "reluctantly" denied the plaintiffs' motion "on the well established jurisdictional principle that there must be an end to litigation." The plaintiffs appealed and we took the case on our own motion.

The plaintiff John T. Goulet claims error in the trial judge's denial of the motion to amend the complaint to conform to the evidence. He alleges that the trial judge mistakenly believed that he had no power to allow the motion because the motion judge had denied earlier requests to amend the complaint. Furthermore, the plaintiff argues, the motion should have been allowed because breach of warranty was implicitly raised by the complaint and proved at trial. The plaintiff also claims that the motion judge abused his discretion in denying his motion to amend the complaint. Whitin filed a cross appeal claiming that the trial judge erred in allowing the plaintiffs' motion for costs, in denying Whitin's motion for costs, and in calculating damages. We reverse.

1. *Motion for leave to amend.* Once a responsive pleading has been served, a complaint may be amended "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . ." Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974). Although leave to amend is within the discretion of the judge, leave should be granted unless there appears some good reason for denying the motion. *Castellucci* v. *United States Fidelity & Guar. Co.,* 372 Mass. 288, 289 (1977). See *Foman* v. *Davis,* 371 U.S. 178, 182 (1962) (construing identical language in Federal rule). Such reasons include "undue delay, bad faith or dilatory motive on

the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . futility of amendment, etc." *Id.*[2] Moreover, when trial is imminent, "a judge may give weight to the public interest in the efficient operation of the trial list and to the interests of other parties who are ready for trial." *Id. Castellucci* v. *United States Fidelity & Guar. Co., supra* at 292.[3] A statement of reasons or finding of fact may be required, however, to demonstrate adequate justification for a judge's action in denying a motion to amend a pleading. *Id.* at 291 n.2.

When the motion was first filed, just prior to the scheduled trial date of December 14, 1983, the defendant made no showing of prejudice. In fact, Whitin's counsel did not even appear at the hearing. Further, Whitin knew that breach of warranty was an issue. Whitin had mentioned breach of warranty in its answer to the plaintiffs' first amended complaint in May, 1981, and acknowledged it as an issue in its motion for partial summary judgment in November, 1983. Finally, under Massachusetts law, a finding that a defendant in a products liability case is negligent is tantamount to a finding that the defendant breached its warranty of merchantability. *Hayes v. Ariens Co.,* 391 Mass. 407, 410 (1984). In such circumstances, liability for breach of warranty would be established unless the defend-

---

[2] In *Castellucci, supra,* the plaintiff originally relied on an insurance policy issued to him by the defendant. The case was referred to an auditor, who found that the insurance carrier was not liable because of language in the policy which excluded coverage for damage caused by mechanical excavating equipment. *Id.* at 290. Under the new complaint, liability under the policy was disavowed and the new theory alleged liability based on "an oral policy of insurance or binder" intended to protect the plaintiff from damage caused by his excavation work. *Id.* at 291. The court upheld the denial of a motion for leave to amend the complaint on the eve of the trial. *Id.* at 291-292.

[3] Federal cases, construing the identical Federal rule, have stated that delay alone is an insufficient reason to deny amendments unless the delay causes undue prejudice to the opposing party. *Cornell & Co.* v. *Occupational Safety & Health Review Comm'n,* 573 F.2d 820, 823 (3d Cir. 1978). *Mercantile Trust Co. Nat'l Ass'n* v. *Inland Marine Prods. Corp.,* 542 F.2d 1010, 1012 (8th Cir. 1976). "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co., supra* at 823 (and cases cited).

ant could prove either prejudicial failure of the plaintiff to give timely notice of the defect, or unreasonable use of the product once the plaintiff has knowledge that the product is defective and dangerous. *Id.* at 410 n.2. Proof of either defense, of course, would require a verdict for the defendant. *Id.* Contributory negligence, as was found in the present case, however, would not prevent recovery under a warranty theory, although the plaintiff would be barred by a finding that he "unreasonably use[d] a product that he [knew] to be defective and dangerous." *Correia* v. *Firestone Tire & Rubber Co.,* 388 Mass. 342, 356 (1983). *Allen* v. *Chance Mfg. Co.,* 398 Mass. 32, 34 (1986). Accordingly, while not using the words "breach of warranty," the plaintiffs' complaint implicitly alleged breach of the implied warranty of merchantability in its allegations that the defendant negligently manufactured or designed the machine that it sold to Goulet's employer.[4] Thus, an amendment to add a count based on breach of implied warranty of merchantability would be little more than a mere formality. Because of the liberal policy toward allowing amendments, and because there was no showing of prejudice, we can discern no reason for the judge's not allowing the plaintiffs to amend to add a count for a breach of warranty of merchantability.

When the judge reconsidered the plaintiffs' motion for leave to amend, after the trial date had been continued for four months, the case for allowing the amendment was even more compelling. The judge offered no reasons for his denial of the motion, and there is no compelling reason apparent in the record. Clearly, any prejudice that might have existed when trial was imminent had disappeared once the trial date had

---

[4] A warranty of merchantability is implied in a contract for the sale of goods where the seller is a merchant with respect to goods of that kind. G. L. c. 106, § 2-314. Under G. L. c. 106, § 2-318, as amended through St. 1974, c. 153, lack of privity between plaintiff and defendant is not a bar to an action for breach of warranty or negligence although plaintiff did not purchase the machine, as long as "plaintiff was a person whom the [defendant] . . . might reasonably have expected to use, consume or be affected by the goods."

been continued.[5] While "undue delay" may justify a denial, this court has usually required some factor other than delay, such as the imminence of trial or the plaintiff's attempting to introduce a totally new theory of liability. See *Libby* v. *Commissioner of Correction,* 385 Mass. 421, 428 (1982) (trial imminent); *Castellucci* v. *United States Fidelity & Guar. Co., supra* at 290-292 (trial imminent and attempt to substitute "markedly" new theory). See also *Genesco, Inc.* v. *Koufman,* 11 Mass. App. Ct. 986, 990 (1981) (delay of eight years between filing suit and attempt to add substantially different claim). These decisions are consistent with the Federal cases which state that delay alone is not enough to justify denial of a motion for leave to amend. See *Cornell & Co., supra* at 823; *Mercantile Trust Co. Nat'l Ass'n, supra* at 1012. The plaintiffs were not attempting to introduce or substitute a "markedly" different theory of liability, nor was trial any longer imminent. The record shows no indication of bad faith, dilatory tactics or other justification for the motion judge's denial of the plaintiffs' motion for leave to amend. Thus, the judge should have allowed the plaintiffs to amend their complaint to add a claim for breach of warranty of merchantability.

Unfortunately, the present problem was exacerbated by the trial judge's mistaken belief that he had little discretion to allow the plaintiffs' motion for leave to amend, which led to his granting of Whitin's motion in limine to exclude from the trial all reference to breach of warranty. In response to the defendant's motion in limine, plaintiffs' counsel agreed that he would not mention breach of warranty in his opening statement, but would resubmit his motion to amend to conform to the evidence if the evidence warranted such a motion. The judge stated that he would address the motion for leave to

---

[5] The defendants were in the process of filing cross claims against each other. As of the date of plaintiffs' motion for reconsideration of the motion for leave to amend, December 19, 1983, Ashworth had filed a late cross claim against Whitin (December 7, 1983). Whitin had not answered. Whitin filed its answer on January 4, 1984; Whitin filed a late cross claim against Ashworth on January 30, 1984, and Ashworth answered on February 3, 1984. The motions to file the late cross claims were not opposed by the defendants.

amend "at a later time." The plaintiffs' counsel reiterated that he intended to seek leave to amend the complaint to conform to the evidence once such evidence was introduced. The judge cited with approval *Barringer* v. *Northridge,* 266 Mass. 315 (1929). The court in *Barringer, supra,* held that a judge was bound to accept the decision of a previous judge on "precisely the same motion." *Id.* at 320. The judge in the present case quoted from *Barringer*: "There would be no end of litigation if a party, defeated before one judge, were privileged to go before another judge of the same court and in the same case seek a different decision upon the same point . . . . The policy of the law requires that litigation be ended within a reasonable time . . . ; it condemns successive hearings of the same point once decided after a hearing not vitiated by any error . . . ." *Id.* The judge in the present case stated that if he had been the motion judge he would have allowed the motion. He disputed the plaintiffs' counsel's reading of rule 15 as allowing counsel to present his motion for leave to amend to conform to the pleadings under the facts of this case. He reasoned that they were at the eve of trial, that the motion judge had denied his motion and "now you want to open it up again." While not specifically denying the plaintiffs' motion at that time, the trial judge said that he would follow the teachings of *Barringer, supra.* On April 27, 1984, a lobby conference was held, at which time the plaintiffs renewed their motion for leave to amend to conform to the evidence. The trial judge stated: "I reluctantly deny the plaintiff's motion to amend his complaint to allegations of breach of warranty theory but I do so based on the well established jurisdictional principle that there must be an end to litigation." The judge then reiterated the procedural history of the plaintiffs' attempts to amend the complaint.

While the trial judge made no findings to support his denial of the plaintiffs' motion, it is clear that he was relying on the *Barringer* case. That reliance was misplaced. Unlike *Barringer, supra,* the present case was not one of the plaintiffs' bringing the same motion under the same circumstances before a different judge. After evidence had been introduced, there existed a new situation where, even under *Barringer,* the judge

would not be bound by the previous denial by the motion judge. Furthermore, cases subsequent to *Barringer, supra,* have adopted the rule that a second judge does have the power to rule differently from the first judge on a "case, an issue, or a question of fact or law once decided" in order to reach a just result. *Salter* v. *Scott,* 363 Mass. 396, 401-402 (1973). *Shine* v. *Campanella & Cardi Constr. Co.,* 342 Mass. 150, 152-153 (1961). Of course, such decisions must not be undertaken lightly. *Serody* v. *Serody,* 19 Mass. App. Ct. 411, 412 (1985), citing *Peterson* v. *Hopson,* 306 Mass. 597, 601 (1940) (and other cases). Finally, *Barringer, supra,* was decided long before this court adopted the Massachusetts Rules of Civil Procedure with their liberal policy toward allowing amendments to pleadings. Thus, the trial judge clearly had the power to grant the plaintiffs' motion if he so desired, and should have allowed the plaintiffs' motion in view of the evidence presented.

The case is remanded to the Superior Court for a new trial on the claim of John Goulet against Whitin for breach of implied warranty of merchantability. Defense counsel conceded at oral argument that the question whether the product was defective is not an issue. The jury found that Whitin was negligent in the design of the machine. As stated previously, a defendant in a products liability case "cannot be found to have been negligent without having breached the warranty of merchantability." *Hayes* v. *Ariens Co., supra* at 410. That does not entitle the plaintiff to an entry of judgment on the warranty claim, however, since the defendant is entitled to litigate any defenses it might have to the claim. At oral argument, the defendant's counsel conceded that notice was not an issue. Thus, the only issue on remand is whether the plaintiff "unreasonably proceed[ed] to use [the] product which he [knew] to be defective and dangerous." *Correia* v. *Firestone Tire & Rubber Co., supra* at 355. The plaintiffs and Whitin have had a trial on all other issues, including damages.[6]

---

[6] If the plaintiff is found not to have unreasonably used the product knowing of its defective and dangerous condition, the damages will not be reduced by any percentage attributable to Goulet's contributory negligence. As stated previously, the doctrine of contributory negligence does not apply to a products liability case.

2. *Motion for costs.* Whitin claims that the trial judge abused his discretion in granting the plaintiff's motion for costs and in denying Whitin's motion for costs. We disagree. General Laws c. 261, § 1 (1984.ed.), provides that a "prevailing party shall recover his costs, except as otherwise provided." General Laws c. 261, § 13 (1984 ed.), provides that where "no provision is expressly made by law, the costs shall be wholly in the discretion of the court, but no greater amount shall be taxed therein than is allowed for similar charges in actions in which costs are expressly provided for by law."

The plaintiff prevailed over Whitin on the claim for negligent design. Whitin prevailed on the claims of the plaintiff's wife and children. General Laws c. 261, § 9 (1984 ed.), provides that, where the plaintiff prevails on one or more counts "upon several and distinct claims," and the defendant prevails on others, "each party shall recover costs for the travel and attendance of witnesses, for depositions and for other evidence produced, examined or used on the trial of the counts upon which the verdict is in his favor, but shall not recover for the like charges incurred on the trial of the other counts." The statutes give the judge discretion in awarding costs to the prevailing party. See *Creed* v. *Apog,* 377 Mass. 522, 524-525 (1979).

The plaintiff sought costs in the amount of $14,381.59; the court allowed costs in the amount of $11,959.18. We see no abuse of discretion. Whitin particularly challenges the judge's allowance of $5,250 in connection with the plaintiff's expert witness, claiming that it is beyond that allowed by Mass. R. Civ. P. 54 (e), as appearing in 382 Mass. 823 (1981), for costs relative to depositions. Contrary to Whitin's assertion, there is no indication that this charge was "all or in large part apparently generated in connection with defendant's deposition of that witness." Thus, there was no error in the judge's allowance of the plaintiff's motion for costs and denial of Whitin's motion for costs.

3. *Calculation of damages.* Whitin claims that the judge erred in his calculation of the damages to be assessed against it. The plaintiff claims that since Whitin did not object to the

special verdict questions the award should not be disturbed. Such an objection, however, was not necessary in order to preserve the issue regarding the calculation of damages. Prior to trial, the plaintiff settled with Ashworth for $125,000. The jury found Whitin negligent but also found Goulet 50% contributorily negligent. The jury found that the total damages "which would have been recoverable by the plaintiff if there had been no contributory negligence attributable to the plaintiff" were $225,000. The jury were then asked to subtract the $125,000 settlement recovered from Ashworth: "Write in words the sum to be awarded the plaintiff after this deduction." They wrote "one hundred thousand" ($100,000). It is clear from the judgment of $50,000 that the trial judge applied the 50% contributory negligence to the reduced award of $100,000. This was an incorrect calculation.

General Laws c. 231, § 85, as appearing in St. 1973, c. 1123, states that "any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made." The damages allowed were $225,000. The plaintiff's proportion of negligence was 50%. The award should have been reduced by 50%, to $112,500, as this is the amount of damages due to the plaintiff for his injury. If the settlement amount is subtracted first, and then Whitin's portion of negligence is calculated, the effect is to reduce the plaintiff's fault percentage below that found by the jury. See *Scott* v. *Cascade Structures,* 100 Wash. 2d 537, 545 (1983), citing *Lemos* v. *Eichel,* 83 Cal. App. 3d 110, 118-119 (1978).

Whitin does not dispute that interest properly is calculated on the amount of the verdict prior to any deduction made because of the settlement. See *Franklin* v. *Guralnick,* 394 Mass. 753, 754-755 (1985). This court agrees with the defendant that the method adopted by the trial judge would result in interest being awarded on the entire sum of $225,000, since interest must be calculated prior to the deduction of the settlement. To calculate interest prior to any reduction due on account of the plaintiff's contributory negligence would create a situation where the defendant would be paying interest not only on

its own portion of liability but also on the portion attributable to the plaintiff's negligence. Thus, the award should be reduced by the plaintiff's proportionate negligence of 50% to $112,500, interest should be calculated on $112,500, then the sum should be reduced by the settlement amount of $125,000. The result adopted here is consistent with that in other jurisdictions. See, e.g., *Peterson* v. *Multnomah County School Dist. No.1,* 64 Or. App. 81, 95-96 (1983); *Scott* v. *Cascade Structures, supra* at 545. But see *Rittenhouse* v. *Erhart,* 424 Mich. 166, 176, 189 (1985).

4. *Conclusion.* The case is remanded to the Superior Court for new trial on the claim of John T. Goulet for breach of implied warranty of merchantability and other proceedings consistent with this opinion.

                                                        *So ordered.*