CONCURRING OPINION
Hershfang, J.
concurring:
I concur in the reasoning and result of the court’s opinion. While my colleague’s learned dissent raises the often critical issue of prejudice, in this case I believe that concern takes a back seat to the responsibility of the judge and the parties with respect to the trial and, in any event, to what actually happened here.
In his opening plaintiff’s counsel explains why plaintiff’s theory of liability had been changed, from her original claim of an intentional tort - assault and battery - to the claim of the unintentional tort grounded in negligence. That change, which defendant assented to and which also resulted in an agreed statement of facts, was brought about by plaintiff’s manifest desire, unopposed by defendants, to have defendants’ insurer foot the bill. Plaintiff may have viewed defendants’ insurance coverage as unavailable had the assault and battery claim remained. See Worcester Ins. Co. v. Fells Acres Day School, 408 Mass. 393, 410 (1990). (where negligence and assault and battery claims were asserted against the same defendants for the same actions, held negligence claims do not lie because negligent contact cannot be intentional. “The act of striking another in the face [means] that... a person who performed the act intended the resulting harm.” Id. at p. 400.) It is evident from the fact the case proceeded to trial that plaintiff’s expectation or hope of an insurance payment, if it existed, was not realized.
However, whatever may have been the reason (s) for the switch, when the time finally came to try the case, as the opinion of the court details, plaintiff’s counsel made obvious in his opening that plaintiff was proceeding under her original assault and battery theory. Given the nature of plaintiff’s injuries - described in plaintiff’s opening as “kicked several times and someone pulling at her ear” - this approach was hardly a surprise. Surely it is not the stuff of the usual negligence claim. Cf., Worcester Ins. Co. v. Fells Acre Day School, op. cit.
Plaintiff’s opening here also underscores the notable feature of this case. In contrast with the overwhelming majority of other Rule 15(b) cases on which defendants rely, the question of how the parties were going to proceed here was raised before trial.[4]
Why is the timing important?
After plaintiff’s opening, the trial judge announced his understandable confu *110 sion caused by the string of three sets of complaints. With respect to the individual defendant (the only defendant against whom judgment entered and therefore the only one of concern to us here), the words of plaintiffs counsel’s opening unambiguously sounded in assault and battery. But, as the judge pointed out, the written words of the second amendment complaint sounded only in negligence. Unlike the aging Biblical Isaac who remained confused when the person with the hairy arm of Esau spoke with the voice of Jacob, here the trial judge commendably sought before trial to sort out and get a handle on what was to come.
Of course, plaintiffs counsel could and should have dispelled all doubt by designating which of the counts plaintiff was relying on, or, more appropriately, by motion, preferably before trial. But in its absence the trial judge soldiered on. If plaintiff had filed no motion, she had certainly sent a clear signal as to how she planned to proceed. The parties and witnesses were present. The case had been called for trial. Plaintiff and defendant deserved their day in court. “When trial is imminent, a judge may give weight to the public interest in the efficient operation of the trial list and to the interests of the other parties who are ready for trial.” Goulet v. Whitin Machine Works, Inc., 399 Mass. 547, 550 (1987).
This, then, was the context in which, before trial, defendant was clearly told how plaintiff planned to proceed.
What did defendant’s counsel do? He outlined his defenses.' If plaintiff was injured, she hadn’t sustained those injuries on defendants’ premises or at the hand of any defendant. If she did, it was her fault.
Thus, whatever expectations defendants may have had before the day of trial as to how the trial would proceed, after plaintiff’s opening the defendants surely could not claim surprise.
With this background we turn to Mass. R Civ. R, Rule 15(b) (“Amendments to Conform to the Evidence”) quoted in the dissent.
We start with the proposition that, as Mass. R. Civ. R, Rule 15(a) expressly notes, “leave [to amend] shall be freely given when justice so requires.” See, too, Goulet v. Whitin Machine Works, Inc., supra at 549. (Held trial judge error in denying a plaintiff’s motion to amend complaint at beginning of trial and motion to conform pleadings to evidence after trial because no showing of prejudice and complaint had implicitly included the claim.) But that is only the general rule. Mass. R. Civ. R, Rule 15(b) continues: “If evidence is objected to at the trial on an ground that it is not within the issues made by the pleadings, the court may allow pleadings to be amended and shall do so freely when... the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits.” (A continuance may be granted to allow the objecting party to meet such evidence.) As the opinion of the court notes, no request for continuance was made here.
Thus, even in the case where a party claims surprise because during trial the evidence is allegedly different from the claim, the clear burden of not proceeding in the way the case is going is on the opposing party.
Here, however, plaintiff’s position was outlined in advance. The defendants knew what to expect. Yet, defendants made no showing before or during the trial that they were or would be prejudiced. Never did defendants object to the manifest assault and battery claim or testimony. They never established nor offered to show how the outcome of the case would have been different had there been an explicit preliminary motion to proceed on the assault and battery theory. Rather, they stuck to their announced defense and simply left for speculation that or what they may have done differently. Having been forewarned by plaintiff’s opening and the judge’s colloquy and plaintiff having proceeded on the assault and battery claim, defendants’ “We’ll find out, I suppose,” can hardly be viewed even as an objection. Wolfe v. Ford Motor Co., 6 Mass. App. Ct. 346 (1978). (Upholds judge’s allowance of motion to amend complaint before trial and motion to conform pleadings to evi *111 dence after trial and, held, defendant’s failure to object to evidence amounted to implied consent to try issue.)
While the dissent notes that defendant did object to the assault and battery counts, as the opinion points out that objection was raised after trial. And even then defendants made no showing of prejudice. The dissent distills that conclusion, but only after the fact. The rule as noted requires that objection and a showing of prejudice be made at the time, and not after the trial. Those were lacking here.
In short, in the circumstances of this case the trial judge had ample authority, if not the responsibility, to cause both parties to focus on the matter (s) being tried and had ample basis and reason to allow the case to be tried and decided on the assault and battery claim. Indeed, not one case cited or that we are aware of results in overturning the action of a trial judge in allowing a case to be tried and a motion allowed in the circumstances that existed here. There was no abuse of discretion.
Accordingly, I concur.

Of the cases cited in the briefs of both parties and the opinions here only one concerns a motion before trial. This should hardly be a surprise since, as the dissent acknowledges, “leave to amend shall be freely granted.” The one case is Mathis v. Mass. Electric Co., 409 Mass. 256 (1991) (trial judge’s denial of motion to amend six months before trial but four years after suit filed is upheld where no justification for delay is found and proposed amendment is deemed futile).