This action comes before the court on the plaintiff Tantasqua Regional School District’s (“Tantasqua’s”) motion to amend the complaint to add a G.L.c. 93A claim against the defendants, Alderman & Macneish (“A&M”). For the reasons stated below this motion is DENIED.
On June 14, 1999, Tantasqua filed the instant action alleging breach of contract, breach of implied warranty and negligence against A&M, an architectural firm, for their alleged failure to carry out contractual obligations in the planning and design of the renovations of a high school. A&M has filed a cross complaint for fees owed.
The scheduled date in the tracking order for filing motions under Rule 15 was September 6, 2000. Discovery, including depositions, concluded in March of2002. Tantasqua claims that upon completion and review of discovery, they became aware of new information that revealed the basis for a G.L.c. 93A claim. A final pre-trial conference was held on January 7, 2003 and trial is scheduled in September 2003.
A&M counters that the motion should be denied due to the undue delay in the filing of this motion, the prejudice in defending this new claim combined with the futility of the amendment.
A&M’s argument is well founded. The depositions of A&M’s employees, which Tantasqua claims led to the revelation that a G.L.c. 93A action should lie, occurred during 2001 and 2002. In fact, the final deposition occurred over one year ago on March 12, 2002. Tantasqua has failed to advance any reason for this unexcused delay. There is a liberal policy of permitting amendments to pleadings and Mass.R.Civ.P. 15(a) states that “leave shall be freely given when justice so requires.” This court, in its discretion, can deny a motion for reasons of “undue delay, bad faith or dilatory motive on the part of the movant. . .” See Castellucci v. United States Fidelity & Guar. Co., 372 Mass. 288, 290 (1977). Furthermore, the prejudice sustained by A&M cannot be viewed as minimal, as discovery is complete, the parties have held a final pre-trial conference and trial is scheduled in six months. In considering a motion to amend, this court can and will “give weight to the . . . efficient operation of the trial list.” Goulet v. Whitin Machine Works, Inc., 399 Mass. 547, 550 (1987). Finally, the parties, in their attempts to resolve this dispute, engaged in a full day of mediation with nary a mention from the plaintiffs of an allegation of unfair trade practices.

ORDER

For the foregoing reasons, the plaintiffs motion for leave to amend the tracking order and the complaint is DENIED. The defendant’s motion for costs and fees is DENIED.