McCann, John S., J.

INTRODUCTION

After a jury-waived trial the Court found for the plaintiff C. Max, Inc. and against the defendants Cresta Construction, Inc. and United States Fidelity and Guaranty Company on the complaint. The counterclaim filed by Cresta Construction, Inc. was dismissed. Judgment entered. The case is presently on appeal. The present motion is to amend the complaint to add a count claiming 93A and 176D violations against United States Fidelity and Guaranty Company for failure to make payment on the judgment while this case is on appeal.

QUESTION PRESENTED

Whether to allow plaintiffs post-judgment Motion to Amend Complaint, adding an additional count claiming 93A & 176D violations against defendant United States Fidelity & Guaranty Co., for failure to make payment of the judgment entered against it at trial, when the underlying judgment on which the additional claim is based is under appeal?

*685
BRIEF ANSWER

The Court should exercise its discretion and deny Plaintiffs Motion to Amend the Complaint in the interests of judicial economy because the trial court’s decision in the underlying action is currently under appeal.

PROCEDURAL FACTS

This action between Plaintiff, C.Max, Inc. (“C.Max”), and Defendants Cresta Construction, Inc. (“Cresta”), and United States Fidelity & Guaranty Co. (“USF&G”) resulted in a bench trial that commenced on July 25, 2005 and concluded on August 8, 2005. On January 6, 2006 judgment was entered in favor of C.Max for the sum of $75,695.00, with interest in the amount of $38,922.09. On January 26, 2006, C.Max sent a certified demand letter to USF&G, requesting payment of the judgment issued by this court. On May 2, 2006, C.Max again sent a certified demand letter to USF&G requesting payment of the judgment. The defendants elected not to pay the judgment and have appealed this court’s judgment.
Defendants filed a timely Motion for New Trial on January 19, 2006, and a timely Notice of Appeal on February 1, 2006, disputing the judgment awarded to C.Max. Specifically, defendants alleged that this court’s findings were not supported by the evidence, and that certain rulings were erroneous and contrary to the law. This court denied the Defendants’ Motion for a New Trial on February 10, 2006. The Court denied Defendants’ Motion for Reconsideration of the Denial of Defendants’ Motion for New Trial on August 21, 2006.
On August 30,2006, C.Max filed a Motion to Amend Complaint to add a single count for USF&G’s alleged post-judgment violations of G.L.c. 93A, §11 and G.L.c. 176(d). Specifically, C.Max alleges that USF&G’s failure to tender payment, or to make any reasonable settlement in favor of the insured following the judgment constituted violations of the aforesaid statutes. Cresta and USF&G contend that this court should exercise its discretion and deny C.Max’s motion

ANALYSIS

Whether to allow an amendment to a complaint is a matter that rests with the sound discretion of the trial court. Murphy v. I.S.K. Con. Of New England, Inc., 409 Mass. 842, 864, 571 N.E.2d 340, 353 (1991). Amendments may be allowed at any time during the proceeding. See G.L.c. 231, §51; Mass.R.Civ.P. 15. A party may amend its pleading by leave of court, and such leave shall be freely given when justice so requires. Mass.R.Civ.P. 15(a); Sharon v. City of Newton, 437 Mass. 99, 102, 769 N.E.2d 738, 742 (2002). However, the right to amend a complaint is not automatic. Terrio v. McDonough, 16 Mass.App.Ct. 163, 167, 450 N.E.2d 190, 193 (1983).
C.Max’s motion is a supplementary pleading as it seeks to add a single count for violations of Chapters 93(a) and 176(d), “setting forth transactions, occurrences, or events postdating the pleading sought to be supplemented.” Mass.R.Civ.P. Rule 15(d). Factors relevant to a determination on a motion to amend a complaint include objections made by opposing party, possible prejudice to opposing party, public interest, undue delay, bad faith on the part of the movant, and whether a markedly different theory of liability would be introduced. Goulet v. Whitin Machine Works, Inc., 399 Mass. 547, 549-52, 506 N.E.2d 95, 97-99 (1987); Hall v. Horizon House Microwave, Inc., 24 Mass.App.Ct. 84, 87-88, 506 N.E.2d 178, 181 (1987). To the extent that the amendment to the complaint introduces a substantially different theory into the case, the motion can be properly denied. Bullock v. Zeiders, 12 Mass.App.Ct. 634, 637-38, 428 N.E.2d 311, 313-14 (1981). The timing of a motion to amend is a factor that may be taken into consideration by the trial judge when considering a motion to amend. Castellucci v. UnitedStates Fid. & Guar. Co., 372 Mass. 288, 291-92, 361 N.E.2d 1264, 1266-67 (1977).
In this case, C.Max is attempting to add a count to the complaint based on USF&G’s post-trial action, specifically, its failure to pay the judgment when it contends that liability is not in issue. There is no question of delay or bad faith on the part of the C.Max. Similarly, the additional count does not add a markedly different theory of liability because it is based on post-judgment actions, and USF&G has failed to state precisely how it would be prejudiced by allowing C.Max to amend the complaint by adding a supplementary count.
Nevertheless, the judgment of the underlying action is now under appeal. C.Max’s 93(a) and 176(d) claims are based entirely on its contention that USF&G has failed to make payment on the judgment when liability is clear. Therefore, if the underlying judgment is overturned on appeal, the additional claim made in C.Max’s amended complaint would be moot because there would be no judgment in which C.Max could base their 93A and 176D claims. Moreover, if the court were to allow C.Max’s motion at this stage, the Appeals Court would likely remand this case to this court for a trial on the additional count. Therefore, based on the appeal currently pending this court finds that it is more judicially economical for C.Max to wait for the result of the appeal of the underlying judgment, and if and when the judgment is upheld, to file a separate action on the 93A and 176D claims. As C.Max readily admits, the additional count does not attempt to recover judgment against USF&G for its acts or failures to act during the period that was the subject of the underlying trial, but rather for post-judgment conduct. Therefore C.Max is not prejudiced by this court’s refusal to allow the amendment to the complaint at this stage, because as previously stated, it may bring a separate complaint on the additional count after the disposition of the appeal has been *686 determined. Therefore, in the interests of judicial economy, C.Max’s Motion to Amend Complaint should be DENIED.

ORDER

The Motion of the plaintiff C.Max, Inc. to Amend the Complaint is DENIED.