NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-714

JORDAN L. MICHELSON

vs.

TRUSTEES OF BOSTON COLLEGE.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Jordan L. Michelson, appeals from decisions of two Superior Court judges entered in favor of the defendant. He claims that the judges erred in dismissing counts II through IV of his complaint pursuant to Mass. R. Civ. P. 12 (b) (6); denying his motion for leave to supplement and amend the pleadings pursuant to Mass. R. Civ. P. 15; and granting the defendant's cross-motion for summary judgment on count I for breach of contract.  We affirm.

Discussion.  1.  Motion to dismiss.  The plaintiff claims that the first judge erred in allowing the defendant's motion to dismiss counts II through IV of the complaint.  We disagree.

_____

[1] Doing business as Boston College Law School.

We review the allowance of a rule 12 (b) (6) motion to dismiss de novo. See A.L. Prime Energy Consultant, Inc. v. Massachusetts Bay Transp. Auth., 479 Mass. 419, 424 (2018). We take all allegations in the complaint as true and draw reasonable inferences in the plaintiffs' favor. See Iannacchino v. Ford Motor Co., 451 Mass. 623, 625 n.7 (2008). "The ultimate inquiry is whether the plaintiff[] alleged such facts, adequately detailed, so as to plausibly suggest an entitlement to relief." Greenleaf Arms Realty Trust I, LLC v. New Boston Fund, Inc., 81 Mass. App. Ct. 282, 288 (2012). "While a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level" (citation omitted). Iannacchino, supra at 636.

a. MCRA claims. Counts II and III of the complaint alleged violations of the Massachusetts Civil Rights Act (MCRA) pursuant to G. L. c. 12, § 11i. "To establish a claim under the [MCRA], 'a plaintiff must prove that (1) the exercise or enjoyment of some constitutional or statutory right; (2) has been interfered with, or attempted to be interfered with; and (3) such interference was by threats, intimidation, or

coercion'" (citation omitted). Glovsky v. Roche Bros.

Supermrkts, Inc., 469 Mass. 752, 762 (2014).

Here, the judge properly dismissed the plaintiff's MCRA

claims for failure to allege sufficient facts regarding the

defendant's use of threats, intimidation, or coercion. See

Glovsky, 469 Mass. at 762. The plaintiff's general allegations

and "mere declaration" of the defendant's policies do not amount

to threats, intimidation, or coercion.[2] See Id., at 764. The

plaintiff does allege that "opinions tending to champion

principles of equal opportunity and non-discrimination have been

aggressively marginalized: on [d]efendant's campus, the

prevailing wisdom is that being heard defending universal civil

rights is social suicide, while being caught on the record with

such an opinion is career suicide." The plaintiff's burden

requires more than mere colorful labels and conclusions; in the

---

[2] For example, the plaintiff asserts in his brief that he alleged threats, intimidation, or coercion by stating that the defendant "promulgated 'facially biased' policies, championed 'explicitly prejudicial' goals, and willfully 'legitimize[d] the primacy of stereotypes.'" Such allegations, even assuming them to be true for purposes of the rule 12 (b) (6) inquiry, do not amount to (1) threats: "the intentional exertion of pressure to make another fearful or apprehensive of injury or harm"; (2) intimidation: "putting in fear for the purpose of compelling or deterring conduct"; or (3) coercion: "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done." Glovsky, 469 Mass. at 763, quoting Haufler v. Zotos, 446 Mass. 489, 505 (2006). The cases cited by the plaintiff on this issue are inapposite.

3

absence of additional factual allegations regarding the "aggressive[] marginaliz[ation]" of opinions and the "prevailing wisdom" on campus, the plaintiff's MCRA claims do not rise above the speculative level and are therefore insufficient to survive a motion to dismiss.[3]  See Iannacchino, 451 Mass. at 636.  That the plaintiff "subjectively may have felt 'threatened' or 'intimidated' does not suffice."  Glovsky, 469 Mass. at 764.

b.  Chapter 151B claim.  Count IV of the complaint alleges the defendant's violation of G. L. c. 151B.  "There are two largely independent avenues for redress of violations of the anti-discrimination laws of the Commonwealth, one through the [Massachusetts Commission Against Discrimination] (MCAD) (G. L. c. 151B, §§ 5-6) and the other in the courts (G. L. c. 151B, § 9)."  Christo v. Edward G. Boyle Ins. Agency, Inc., 402 Mass. 815, 817 (1988)."  In general, "before initiating a § 9 action, the plaintiff must have filed a timely complaint [with the MCAD] within six months of the act of discrimination."  Id.  However, "[a]n aggrieved person may also seek temporary injunctive relief

_____

[3] The plaintiff also claims, for the first time on appeal, that he was not required to allege "threats, intimidation, or coercion" to state a claim under the MCRA, as the MCRA is coextensive with 42 U.S.C. § 1983, and the plaintiff sufficiently stated a claim under § 1983.  In this posture, we treat this issue as waived.  See Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989) ("An issue not raised or argued below may not be argued for the first time on appeal").

4

in the superior . . . court . . . to prevent irreparable injury during the pendency of or prior to the filing of a complaint with the commission" (emphasis added).  G. L. c. 151B, § 9.

The parties do not dispute that the plaintiff did not file a complaint with the MCAD prior to filing his claim in the Superior Court.  Therefore, to the extent count IV sought relief other than a temporary injunction, the claim was properly dismissed.  See Christo 402 Mass. at 817.

With respect to the plaintiff's ability to seek temporary injunctive relief, the argument is moot.  "[L]itigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome" (citation omitted).  Lynn v. Murrell, 489 Mass. 579, 582 (2022).  "A party no longer has a personal stake in a case where a court can order no further effective relief" (quotation and citation omitted).  Id.  Here, the first judge denied the plaintiff's motion for a preliminary injunction, and the plaintiff does not claim any associated error.  Accordingly, we cannot order any further effective relief with respect to the plaintiff's claim under G. L. c. 151B.[4]

---

[4] The plaintiff also claims that the first judge erred in dismissing counts II through IV of the complaint because the facts alleged stated other causes of action.  See Colorio v. Marx, 72 Mass. App. Ct. 382, 386 (2008) ("Under the Massachusetts practice of notice pleading, there is no

5

2.  Rule 15 motion.  Next, the plaintiff claims that the second judge erred in denying his motion to supplement and amend the complaint pursuant to Mass. R. Civ. P. 15.  We disagree.

"A party may amend its pleading by leave of court," which "shall be freely given when justice so requires."  Sharon v. Newton, 437 Mass. 99, 102 (2002), quoting Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974).  "Although leave to amend is within the discretion of the judge, leave should be granted unless there appears some good reason for denying the motion."  Goulet v. Whitin Mach. Works, Inc., 399 Mass. 547, 549 (1987).  Such reasons include undue delay, bad faith, and undue prejudice to the party opposing the motion.  Id. at 549-550.

The denial of a motion to amend is reviewed for abuse of discretion, Brown v. Savings Bank Life Ins. Co., 93 Mass. App. Ct. 572, 587 (2018), a "demanding standard."[5]  Audubon Hill S. Condominium Ass'n v. Community Ass'n Underwriters of Am., 82 Mass. App. Ct. 461, 472 (2012).  An abuse of discretion exists where the judge "made 'a clear error of judgment in weighing'

_____

requirement that a complaint state the correct substantive theory of the case" [quotation and citation omitted]).  Because this has been raised for the first time on appeal, we treat it as waived.  See Century Fire & Marine Ins. Corp., 405 Mass. 420, 421 n.2 (1989).

[5] The denial of a motion to supplement is likewise reviewed for an abuse of discretion.  See Vigorito v. Chelsea, 95 Mass. App. Ct. 272, 276 (2019).

the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (citations omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

Here, where the judge properly considered the fact that motions for summary judgement had already been filed and heard, we cannot say that she abused her discretion in denying the plaintiff's rule 15 motion. See, e.g., Ward v. Schnurr, 103 Mass. App. Ct. 308, 317-318 (2023); Minkina v. Frankl, 86 Mass. App. Ct. 282, 293-294 (2014).

3. Summary judgment. Finally, the plaintiff claims that the second judge erred in allowing the defendant's cross-motion for summary judgment on the plaintiff's breach of contract claim. We disagree.

We review the grant of summary judgment de novo. See Le Fort Enters., Inc. v. Lantern 18, LLC, 491 Mass. 144, 149 (2023). "Summary judgment is appropriate where there is no material issue of fact in dispute, and the moving party is entitled to judgment as a matter of law." Berry v. Commerce Ins. Co., 488 Mass. 633, 636 (2021), citing Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Where the party opposing summary judgment bears the burden of proof at trial, the moving party may prevail "if he demonstrates, by reference to material described in Mass. R. Civ. P. 56 (c),

7

unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party's case." Kourouvacilis, supra. The "moving party need not submit affirmative evidence to negate one or more elements of the other party's claim." Id.

> "To prevail on a claim for breach of contract, a plaintiff must demonstrate that there was an agreement between the parties; the agreement was supported by consideration; the plaintiff was ready, willing, and able to perform his or her part of the contract; the defendant committed a breach of the contract; and the plaintiff suffered harm as a result" (citation omitted).

Vacca v. Brigham & Women's Hosp., Inc., 98 Mass. App. Ct. 463, 467 (2020).

Although the judge focused on the issue of breach, we need not address it, as the antecedent issue of formation is dispositive. See Colony of Wellfleet, Inc. v. Harris, 71 Mass. App. Ct. 522, 529 (2008) ("court will affirm a judgment as long as the result is correct on any ground apparent on the record that supports the result reached by the trial court").

Contract formation requires a "manifestation of mutual assent." I & R Mechanical Inc. v. Hazelton Mfg. Co., 62 Mass. App. Ct. 452, 454-455 (2004). "The manifestation of mutual assent between contracting parties generally consists of an offer by one and the acceptance of it by the other." Id. at 455. In other words, "there must be agreement between the

8

parties on the material terms of th[e] contract, and the parties must have a present intention to be bound by that agreement." Situation Mgt. Sys. v. Malouf, Inc., 430 Mass. 875, 878 (2000). With respect to online contracts, to satisfy the requirement of mutual assent, the offeree must demonstrate either (1) that they affirmatively agreed to the terms; or (2) that assent can be inferred from other actions taken by the offeree. See Kauders v. Uber Techs., Inc., 486 Mass. 557, 574-575 (2021).

Here, the plaintiff's breach of contract claim is premised on the parties' express agreement to a nondiscrimination term, the incorporation[6] of which was purportedly effected by the defendant's publication of a "notice of nondiscrimination" on its website.[7] The plaintiff contends that, through this

---

[6] We assume, arguendo, that the parties entered into a contractual relationship for the provision of a legal education. See Schaer v. Brandeis Univ., 432 Mass. 474, 478 (2000). See also Corso v. Creighton Univ., 731 F.2d 529, 531 (8th Cir. 1984) ("relationship between a university and a student is contractual in nature"). The narrow issue is whether such contract included a nondiscrimination term.

[7] The plaintiff also asserts in his brief that the defendant breached the implied covenant of good faith and fair dealing. See, e.g., Robert & Ardis James Found. v. Meyers, 474 Mass. 181, 189 (2016). However, as the plaintiff recognizes in his petition for direct appellate review, his "theory on summary judgment was modest and specific: the motion did not ask the court to infer an implied contractual term or invoke the doctrine of 'good faith and fair dealing,' but consigned itself to the most basic theory of express contract based on the 'Notice of Nondiscrimination' posted by the [defendant]." We

9

publication, the defendant "made an explicit promise to all prospective students," and that, since "[n]ondiscrimination is the [defendant]'s official policy, [it] is therefore enforceable as a contractual provision."

The plaintiff's position neglects the fundamental principle of contract law that the parties must mutually assent to the contract's terms. See I & R Mechanical Inc., 62 Mass. App. Ct. at 454-455. In its cross-motion for summary judgment, the defendant demonstrated through reference to the parties' consolidated statement of fact that the plaintiff's breach of contract theory relied solely on the defendant's online publication of the notice of nondiscrimination, and that no other evidence existed tending to prove the parties' agreement to a nondiscrimination term. "That showing having been made, the plaintiff was required to respond by 'set[ting] forth specific facts showing that there is a genuine issue for trial.'" Kourouvacilis, 410 Mass. at 716, quoting Mass. R. Civ. P. 56 (e). As the plaintiff failed to assert any additional facts in support of the conclusion that he even viewed, let alone assented to, the defendant's notice of nondiscrimination,

therefore treat this issue as waived. See Century Fire & Marine Ins. Corp., 405 Mass. at 421 n.2.

10

the grant of summary judgment was appropriate.[8]  See Kauders, 486

Mass. at 574-575; I & R Mechanical Inc., supra.

Judgment affirmed.

By the Court (Meade,
  Hodgens & Toone, JJ.[9]),

*Paul Little*

Clerk

Entered:  June 6, 2025.

---

[8] To the contrary, in his opposition to the cross-motion for summary judgment, the plaintiff restated his position that the defendant's publication of the notice of nondiscrimination, in and of itself, amounted to a "manifestation" creating a contractual obligation.  The plaintiff cites to Guckenberger v. Boston Univ., 974 F. Supp. 106, 150 (D. Mass. 1997), for the proposition that contract terms "can be derived from statements in handbooks, policy manuals, brochures, catalogs, advertisements, and other promotional materials."  However, as here, the judge in Guckenberger ultimately concluded that the brochures at issue did not create binding contractual terms as to the plaintiffs who failed to establish that they ever received the brochures.  Id. at 151.

[9] The panelists are listed in order of seniority.